Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jonathan D. Polkes**
+1 212 310 8881
Jonathan.Polkes@weil.com

BY ECF

December 13, 2018

Honorable John E. Jones, III
United States District Judge
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA, 17108

Re:  Chabot et al. v. Walgreens Boots Alliance, Inc. et al., 18-cv-2118-JEJ (M.D. Pa.)

Dear Judge Jones:

During a Rule 26(f) conference call between the parties this week, Plaintiffs contended—for the first time and to our surprise—that the Court's November 16, 2018 order extending Defendants' time to respond to the complaint (Doc. 16) bars a motion to dismiss. We responded that the order did not and could not have been intended to bar a motion to dismiss. To avoid any confusion and in the interest of orderly case management, the parties determined the most efficient course was for Defendants to seek clarification from the Court. Defendants therefore respectfully request that the Court clarify it did not seek to limit Defendants' rights under Rule 12 in connection with the November 16 order.

The November 16 order states, "Defendants shall answer Plaintiffs' Complaint within sixty (60) days of the date of this Order," i.e., January 15, 2019. (Doc. 16, p. 4). Plaintiffs' position, set forth below (in their own words), is that the Court barred a motion dismiss by using the phrase "shall answer," instead of "shall respond," in its November 16 order. We think this reading is baseless for two reasons.

First, the November 16 order "granted" Defendants' motion for an extension, which, with Plaintiffs' consent, sought more time "to answer, move, or otherwise respond to the complaint" (Doc. 15, p. 2) and proposed an agreed-upon briefing schedule for a motion to dismiss (Doc. 15-2). We believe if the Court had intended to sua sponte grant the requested relief only "in part" or impose conditions on Defendants' response to the complaint, it would have done so explicitly.

Second, Defendants are entitled by law to move to dismiss. Rule 12(b) says "a party may assert" a "failure to state a claim" defense "by motion," Fed. R. Civ. P. 12(b)(6), and the Federal Rules have "the force of a federal statute." Sibbach v. Wilson & Co., 312 U.S. 1, 13 (1941); see also 28 U.S.C. § 2072; Fed. R. Civ. P. 1; Fed. Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116 (3d Cir. 1956) (the Rules "have the force of statutes"). Indeed, circuit courts that have addressed the issue and leading treatises explain that, "[a]bsent extraordinary circumstances, . . . a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules." Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 652 (2d Cir. 1987); 3 James Wm. Moore et al., Moore's Federal Practice § 16.13 (3d

ed. 2018) (same). Again, we believe contrary to Plaintiffs that if the Court had intended to sua sponte depart from this bedrock rule, it would have done so explicitly.

We notified Plaintiffs of our intent to seek clarification. Plaintiffs' position is:

> As the Court noted in its November 16, 2018 Order (the "Order"), the operative complaint in this case incorporates and re-alleges, in full, only those statements by the Walgreens Defendants that this Court found actionable in the related *Hering* action. ECF No. 16. The Court therefore recognized in the Order that "in all practical ways, this case is identical to the *Hering* case, save for the new named Plaintiffs." *Id.* Notably, in the *Hering* action, the Walgreens Defendants did not file a motion for reconsideration of the Court's motion to dismiss ruling. They filed an Answer. Plaintiffs believe the Court was cognizant of those facts when issuing the Order. Defendants requested sixty days "to move against, answer, or otherwise respond to the complaint." ECF No. 15. Rather than adopt that request, the Court instead ordered that "Defendants SHALL ANSWER Plaintiffs' Complaint within SIXTY (60) DAYS of the date of this Order." ECF No. 16. Given the previous litigation of the same claims in the *Hering* action, Plaintiffs believe that the Order is clear on its face and that the Walgreens Defendants must file an answer within sixty days of the Order (rather than a renewed motion to dismiss or motion for reconsideration).[1]

Defendants are well aware of the Court's decision on the prior motion to dismiss in the Hering action (15-cv-2440) and have no intention of revisiting the arguments. But the Court dismissed and closed that action for lack of standing, noting the intervenors could "bring their allegations in a new action." (Id., Doc. 149, p. 14). This case is a new action, with a new docket number and a new complaint. Defendants will be filing the first motion to dismiss in this action—they certainly are not seeking to "renew" or "reconsider" anything from a prior, dismissed action. Rather, the motion to dismiss will address important and novel issues raised by the new complaint, that have not been previously presented to the Court, and that are properly addressed at the pleading stage.

---

[1] The preceding block quote is an unedited quote from Plaintiffs, save for a deleted first sentence. That sentence stated, "This dispute arose during the parties recent Rule 26(f) conference when Defendants stated that they would not be providing Rule 26(a)(1) disclosures in light of their upcoming renewed motion to dismiss/motion for reconsideration." We removed that statement from the quote because it is false: we never called our motion a "renewed motion to dismiss/motion for reconsideration," and as far as Rule 26(a)(1) disclosures, we of course will comply with all deadlines to the extent not stayed by the PSLRA's automatic stay, and never said otherwise. 15 U.S.C. § 78u-4(b)(3)(B).

Honorable John E. Jones, III
December 13, 2018
Page 3

Accordingly, in light of the position Plaintiffs have staked out, Defendants seek clarification that the Court's November 16 order does not bar them from filing a motion to dismiss.

Respectfully submitted,

s/Jonathan D. Polkes
Jonathan D. Polkes