UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS S. CHABOT, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WALGREENS BOOTS ALLIANCE, INC., et al., <br><br> Defendants. | Civ. Action No. 1:18-cv-02118-JEJ <br><br> <u>CLASS ACTION</u> <br><br><br> Judge John E. Jones III |

**JOINT CASE MANAGEMENT PLAN**

1525310_1

Having complied with the meet and confer requirements set forth in the Local Rules, the parties hereby submit the following Joint Case Management Plan.

1. **Principal Issues**

    1.1  Separately for each party, please give a statement summarizing this case:

    **By Plaintiffs**:

    This action is identical to the upheld claims in the *Hering v. Rite Aid Corp.*, Case No. 1:15-cv-2440 (the "*Hering* Action"). On July 11, 2018, the Court issued a ruling on Defendants' Motion to Dismiss in the *Hering* Action (the "*Hering* Opinion"), holding that the *Hering* plaintiff adequately stated a claim against Walgreens Boots Alliance, Inc. ("Walgreens" or "WBA"), Stefano Pessina and George R. Fairweather (collectively, "Defendants"). The Court's ruling, however, also shortened the class period. Lead plaintiffs Douglas S. Chabot, Corey M. Dayton and Joel M. Kling in the above-captioned action ("Plaintiffs") sought to intervene in the *Hering* Action. The Court denied Plaintiffs' motion to intervene, dismissed the *Hering* Action for plaintiff Hering's loss of standing, but stated that Plaintiffs were "free to bring their allegations in a new complaint." *Hering* Action, ECF No. 149.

    On November 2, 2018, Plaintiffs filed the Complaint, on behalf of all purchasers of Rite Aid Corporation ("Rite Aid") common stock between October 20, 2016 and June 28, 2017, inclusive, against Defendants for disseminating false and misleading statements in violation of §§10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§78j(b) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

    The Complaint "adopt[ed] and incorporate[d] the allegations this Court found actionable" in the *Hering* Opinion.

    The Complaint alleges that, on October 20, 2015, Rite Aid and Walgreens jointly announced that they had entered into a merger agreement under which Walgreens would purchase Rite Aid for $9.00 per share ("Original Merger"). On January 30, 2017, Rite Aid and Walgreens announced that they had terminated the Original Merger and entered into a revised merger agreement under which the per-share consideration was reduced to between $7.00 and $6.50 ("Revised Merger"). On June 29, 2017, Rite Aid and Walgreens announced that they had terminated the Revised Merger.

The Complaint alleges that between October 20, 2016 and June 28, 2017, Defendants made numerous false and misleading statements concerning the level of regulatory risk faced by the Original Merger and the Revised Merger. The Complaint alleges that Defendants made false and misleading statements: (i) downplaying or disputing contrary reports from journalists signaling regulatory turbulence; and (ii) representing that inside knowledge of the FTC gave confidence that the deal would close.

In light of the *Hering* Opinion, the Court has made clear that in any subsequent motion to dismiss the Complaint in this case, Defendants are permitted only to "rais[e] novel issues" and not "revisit[] issues [the Court] already decided." ECF No. 35. Yet, despite this clear requirement, Defendants' pending Motion to Dismiss raises the same "scienter" arguments that the Court rejected when ruling on the prior motion to dismiss.

**By Defendants**:

Three Rite Aid shareholders allege they were defrauded by false statements made to inflate Rite Aid's stock price. In a strange twist on the normal securities fraud action, however, these Rite Aid shareholders do not point to statements made by Rite Aid to prop up its own stock price. Instead, they point to statements made by a different company, Walgreens.

Plaintiffs' counsel previously represented a different Rite Aid investor in a related action, *Hering v. Rite Aid Corp.*, No. 15-cv-2440. Hering's Amended Complaint alleged that, between October 27, 2015 and June 28, 2017, Rite Aid and Walgreens made dozens of misstatements about the FTC's review of the merger. On July 11, 2018, the Court dismissed all of Hering's allegations except as to the five Walgreens statements challenged in this action.

On August 24, 2018, the Walgreens defendants moved for judgment on the pleadings against Hering because the Court's July 11 decision had eliminated Hering's standing. On September 6, 2018, the three plaintiffs who later filed this action jointly moved to intervene in *Hering*. On October 24, 2018, the Court granted the Walgreens defendants' motion for judgment on the pleadings, denied the intervenors' motion, and noted that the intervenors were "free to bring their allegations in a new action."

Plaintiffs, represented by Hering's counsel, filed this action on November 2, 2018. Their Complaint asserts claims based solely on "the specific statements that this Court ruled were actionably false and misleading" in *Hering*. Those include

"statements downplaying or disputing contrary reports from journalists that the [FTC] review was not going well, made on October 20, 2016, and November 17, 2016, as well as statements expressing confidence based on 'inside' knowledge of the review, made on October 20, 2016, November 17, 2016, January 5, 2017, and April 5, 2017." Plaintiffs expressly do not challenge "the statements found as non-actionable" in *Hering*.

Defendants filed their Motion to Dismiss for failure to state a claim under Rule 12(b)(6) on December 26, 2018, and filed their brief on January 8, 2019, raising arguments not previously addressed by the Court that the Complaint—which, as compared to the *Hering* complaint, challenges far fewer statements, challenges only statements by Walgreens instead of statements by Walgreens and Rite Aid, and alleges a far shorter class period—fails to allege facts sufficient to draw a strong inference of scienter under *Tellabs*.

Defendants deny all alleged wrongdoing and deny that Plaintiffs will be able to establish any element of a Section 10(b) claim, including a false or misleading statement, materiality, scienter, loss causation, or damages.

    1.2    The facts the parties <u>dispute</u> and <u>agree</u> are as follows:

Plaintiffs and Defendants agree on the following facts:

On October 27, 2015, Walgreens and Rite Aid jointly announced a merger agreement. Under the terms of the merger agreement, Walgreens was to purchase Rite Aid for $9.00 per share.

On October 20, 2016, Walgreens and Rite Aid issued a joint press release announcing an extension of the end date of the Merger Agreement to January 27, 2017. On the same day, Walgreens held its earnings call for the fourth fiscal quarter and full fiscal year of 2016.

On November, 17, 2016, members of Walgreens management participated in the Jefferies Healthcare Conference.

On December 20, 2016, Walgreens and Rite Aid issued a joint press release announcing an agreement with Fred's Inc. to sell certain Rite Aid stores.

On January 5, 2017, Walgreens held an earnings call for the first fiscal quarter of 2017.

On January 30, 2017, Walgreens and Rite Aid issued a joint press release announcing the Revised Merger Agreement. The Revised Merger Agreement deadline was July 31, 2017. The Revised Merger consideration was between $7.00 per share and $6.50 per share.

On April 5, 2017, Walgreens held its earnings call for the second fiscal quarter of 2017.

On June 29, 2017, Walgreens held its earnings call for the third fiscal quarter of 2017.

On June 29, 2017, Walgreens announced an asset purchase agreement with Rite Aid in place of the Revised Merger Agreement.

If the Court denies Defendants' Motion to Dismiss in whole or in part, Defendants state that they will set forth the disputed facts in their Answer. Plaintiffs note that Defendants already filed an Answer to the same allegations in the *Hering* Action, which identifies the facts that Defendants dispute.

1.3     The legal issues the parties <u>dispute</u> are as follows:

At present, the parties anticipate the following legal issues:

- Whether Defendants violated §10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder;

- Whether Defendants violated §20(a) of the 1934 Act;

- Whether the members of the alleged Class have sustained damages and the proper measure of damages; and

- Whether Lead Plaintiffs' claims can be litigated on a class-wide basis.

The legal issues the parties <u>agree</u> upon are as follows:

Currently, there are no legal issues the parties agree upon, apart from service of process, personal jurisdiction, subject matter jurisdiction, and venue.

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5   Identify any named parties that have not yet been served:

None.

1.6   Identify any additional parties that:

**Plaintiffs intend to join**: None at this time.

**Defendants intend to join**: None at this time.

1.7   Identify any additional claims that:

**Plaintiffs intend to add**: None at this time.

**Defendants intend to add**: None at this time.

## 2.   Disclosures

The parties will serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within 14 days after Defendants file an answer, if one is warranted following the Court's ruling on the pending motions to dismiss.

## 3.   Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss | Defendants | Motion filed 12/26/18.  Brief filed 1/8/19. Opposing brief to be filed 2/7/19.<br>Reply brief to be filed 2/28/19.<br><br>Defendants request oral argument. |
| Motion for Class Certification | Plaintiffs | 60 days after Defendants file an answer.<br>The parties will meet and confer with respect to the remainder of the briefing schedule. |

**4. Discovery**

Briefly describe any discovery that has been completed or is in progress:

**By Plaintiffs:** None yet. Defendants have contended that all discovery is stayed under the PSLRA in light of Defendants' motion to dismiss.

**By Defendants**: None because Defendants have filed a motion to dismiss, and under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B).

4.1  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**Plaintiffs**: Plaintiffs will seek discovery from the Defendants, relevant Walgreens employees, and third parties including entities involved in the merger review process. While Plaintiffs await Defendants' initial disclosures (which have yet to be provided), Plaintiffs currently anticipate that they will need approximately 15 fact depositions to develop the evidence necessary. General topics of discovery will include: communications between and among the Defendants, Walgreen employees, Rite Aid, the FTC, legal advisors, financial advisors and other relevant third parties concerning the Original and Revised Mergers and/or their related regulatory risk; the timing and circumstances surrounding all such communications; and the relevant analysis concerning the Original and Revised Mergers and/or their related regulatory risk.

**Defendants:** While Defendants await Plaintiffs' initial disclosures (which have yet to be provided), if the Court denies Defendants' Motion to Dismiss in whole or in part, Defendants currently anticipate they will seek discovery from the named Plaintiffs and relevant third-parties, including named Plaintiffs' investment advisors and any other relevant agents.

4.2  Describe any <u>discovery</u> that one or more parties want(s) to conduct but to <u>which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

- 6 -
1525310_1

**Defendants**: To the extent that the parties proceed to discovery following the resolution of Defendants' Motion to Dismiss, Defendants object to Plaintiffs' proposed discovery topics of "communications … concerning the Original and Revised Mergers" and "relevant analysis concerning the Original and Revised Mergers" to the extent those topics are not limited to "regulatory risk" or otherwise limited to subject matter that is related to the allegations in the Complaint. The Walgreens-Rite Aid merger was a multi-billion dollar proposed transaction pending for eighteen months with many components, the vast majority of which have nothing to do with the allegations of the Complaint, which is more narrowly circumscribed to Defendants' knowledge of the FTC's review of the proposed merger during the period October 2016 through June 2017.

**Plaintiffs**: Defendants' proposed limitations (both as stated above and below) bear no relation to the factual basis for the claims and contradict a number of applicable discovery rulings in similar securities cases. For example, Defendants' proposed limitations here would prohibit further discovery into their motives for making statements that, as the Court earlier ruled, supported allegations "to strongly infer that Walgreens was at least reckless." *Hering* Opinion at 31. While the case law makes clear that "motive" is not a required allegation to plead scienter under the federal securities laws at the pleading stage, that issue will no doubt be contested later at trial. Indeed, Defendants' current motion to dismiss, just like the last one, is primarily based on a factual quarrel on the issue of "motive." In addition, discovery should not be limited just to the period in which Defendants made the misleading statements, as that would exclude all information that Defendants learned from the FTC upon announcement of the Mergers in October 2015 regarding the unlikelihood of approval. Defendants would have already had access to this information when making the "reckless" statements alleged in the Complaint.

Finally, Defendants claim that "discovery should be limited to matters reflecting the speakers' knowledge," but the Court already found in the *Hering* Opinion that "[s]center is established by either knowledge *or* recklessness." *Id*. at 30 (emphasis in original).

Plaintiffs recognize that discovery will need to be properly tailored to the allegations in the operative pleading and Plaintiffs will certainly meet and confer to determine an appropriate scope of discovery, but Defendants' proposed limitations are unsupported at this stage.

4.3     Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**Plaintiffs**: Defendants' proposed limitations, which would exclude relevant facts, are addressed above. In any event, Plaintiffs propose more developed meet and confer regarding the scope of discovery following the motion to dismiss ruling.

**Defendants**: To the extent that the parties proceed to discovery following the resolution of Defendants' Motion to Dismiss, the relevant time period for discovery should be appropriately tailored to the class period alleged in the complaint (October 20, 2016 through June 28, 2017) plus approximately one month on either side: October 1, 2016 through July 31, 2017. With respect to subject matter, discovery should be appropriately tailored to matters reflecting the speakers' knowledge concerning the FTC's review of the proposed merger between Walgreens and Rite Aid around the time of the purported class period, not any and all communications spanning a multi-year period concerning every aspect of a multi-billion dollar transaction as Plaintiffs propose.

If the Court denies Defendants' motion to dismiss in full or in part, Defendants are prepared to meet and confer with Plaintiffs to appropriately tailor the scope of discovery.

4.4     For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiffs and by defendants):

1.      Depositions (excluding experts):

        Plaintiffs: <u>15 (per side)</u>       Defendants: <u>10 (per side), as provided in FRCP 30</u>

2.      Interrogatories:

        <u>25 (per side)</u>

3.      Document production requests:

        Plaintiffs: <u>35 (per side)</u>       Defendants: <u>20 (per side)</u>

4.      Requests for admission:

<u>25 (per side)</u>

4.5   Discovery of Electronically Stored Information:

Counsel will conduct the conference under M.D. Pa LR 26.1 within 14 days of submitting disclosures under the time period specified herein.

## 5. Protective Order

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

**Plaintiffs**: Plaintiffs have provided a draft protective order to Defendants, attached hereto as Exhibit A. Defendants have yet to provide input, although they appear to agree that a protective order is warranted in this case.

**Defendants**: Plaintiffs informed Defendants at the December 11, 2018 Rule 26 conference that they would prepare the first draft of the case management plan, which includes a protective order. However, Plaintiffs did not send Defendants a draft protective order until 5:50pm eastern time on Friday January 18, 2019, two business days before the case management plan was due. Accordingly, Defendants are in the process of reviewing Plaintiffs' draft and will promptly meet-and-confer with Plaintiffs when Defendants have completed their review.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6. Scheduling

6.1   Final date for joining additional parties:

<u>Plaintiffs</u>: Two months after the close of fact discovery.

<u>Defendants</u>: Joinder of additional parties should not be permitted.

6.2   Final date for amending pleadings:

<u>Plaintiffs</u>: Two months after the close of fact discovery.

Defendants: Additional amendments to pleadings should not be permitted.

6.3   All fact discovery commenced in time to be completed by: 7 months after discovery commences.

6.4   All potentially dispositive motions should be filed by: 1 month after the close of expert discovery.

6.5   Reports from retained experts due:

Opening expert reports for both parties due 1 month after the close of fact discovery.

6.6   Supplementations due:

Rebuttal expert reports for both parties due 1 month after the opening expert reports.

6.7   All expert discovery commenced in time to be completed by 3 months after the close of fact discovery.

6.8   This case may be appropriate for trial in approximately:

\_\_\_   240 Days from the filing of the action in this court

\_\_\_   365 Days from the filing of the action in this court

Plaintiffs:  16 months following the close of briefing on Defendants' pending Motion to Dismiss.

Defendants: 15 months from when Defendants file an answer.

6.9   Suggested Date for the final Pretrial Conference:

Plaintiffs: 6/1/20 (month/year) (July 2020 Trial List).  Plaintiffs' proposed trial schedule is established based on a fixed date, *i.e.,* 16 months following the close of briefing on Defendants' pending Motion to Dismiss, while Defendants' schedule appears to be a moving target at this point.

Defendants: 8/3/20 (month/year) (September 2020 Trial List). Defendants wish to preserve the agreed-upon 10 month discovery period, beginning when Defendants serve their Answer and concluding 10 months later at the next discovery cut-off on the Court's calendar. Thus, Defendants'

selection of the September 2020 Trial List assumes the Court will decide the motion to dismiss and Defendants will answer the Complaint by the end of May 2019, with a discovery cut-off of 3/29/20. If the Court issues a decision earlier, Defendants do not object to Plaintiffs' proposed trial term. If the Court issues a decision later, Defendants anticipate seeking a later trial term to preserve 10 months for discovery.

The ability to timely complete discovery upon the timetable the parties have agreed upon requires an appropriately tailored scope of discovery, not the wide-ranging fishing expedition that Plaintiffs currently appear to seek.

6.10   Trial

Suggested Date for Trial:

Plaintiffs: 7/6/20 (month/year) – for three weeks.

Defendants: 9/2/20 (month/year) – for three weeks. Same comment as above.

## 7.   Certificate of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

**For Plaintiffs:**

Douglas S. Chabot
Corey M. Dayton
Joel M. Kling

**For Defendants:**

Peter R. Wilson, Walgreen Co.

## 8.   Alternate Dispute Resolution ("ADR")

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

   ADR procedure _____
   Date ADR to be commenced _____
   Date ADR to be completed _____

  The parties agree that a private mediator may be warranted as this case progresses forward, but any such discussions are premature given the pendency of Defendants' motion to dismiss.

  8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

  8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.** **Consent to Jurisdiction by a Magistrate Judge**

  Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

  All parties agree to jurisdiction by a magistrate judge of this court:

__Y  **X** N.

  If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

  ___ Scranton/Wilkes-Barre

  ___ Harrisburg

**10.** **Other Matters**

  Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11. Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.

Also please indicate ECF User status below.

**For Plaintiff:**

Randall J. Baron, Esq.
David T. Wissbroecker, Esq.
David A. Knotts, Esq.
Eun Jin Lee, Esq.
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
ECF Users

Stuart A. Davidson, Esq.
Christopher C. Gold, Esq.
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
ECF Users

Deborah R. Gross, Esq.
Kaufman, Coren & Ress, P.C.
2001 Market Street, Suite 3900
Philadelphia, PA 19103
(215) 735-8700
ECF User

- 13 -

**For Defendants:**

    Jonathan D. Polkes, Esq.
    Caroline Hickey Zalka, Esq.
    Robert S. Ruff, Esq.
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    (212) 310-8000
    ECF Users

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 23, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        s/ Eun Jin Lee
        EUN JIN LEE

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-8498
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail:  elee@rgrdlaw.com

1525310_1

# Mailing Information for a Case 1:18-cv-02118-JEJ Chabot et al v. Walgreens Boots Alliance, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J Baron**
  randyb@rgrdlaw.com,jaimem@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas G. Collins**
  thomas.collins@bipc.com,cynthia.ziegler@bipc.com

- **Stuart A Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Christopher Chagas Gold**
  cgold@rgrdlaw.com,4703056420@filings.docketbird.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Deborah R Gross**
  dgross@kcr-law.com,jhannigan@kcr-law.com

- **Howard J. Kaufman**
  hkaufman@kcr-law.com,jhannigan@kcr-law.com

- **David A Knotts**
  dknotts@rgrdlaw.com,jaimem@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Eun J Lee**
  elee@rgrdlaw.com,3542483420@filings.docketbird.com,jaimem@rgrdlaw.com

- **Jonathan D Polkes**
  jonathan.polkes@weil.com,mco.ecf@weil.com,walgreens.associates@weil.com,nymao@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)