UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS S. CHABOT, et al, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., et al, <br><br> Defendants. | CIVIL ACTION NO. 1:18-CV-2118 <br><br> (JONES, C.J.) <br> (MEHALCHICK, M.J.) |

### MEMORANDUM

This matter has been referred to the undersigned for purposes of resolving the discovery dispute raised by the parties regarding Plaintiffs' request to exceed the deposition limit and how resources should be allocated when conducting the depositions. (Doc. 60; Doc. 180). Plaintiffs seek to depose three individuals beyond those previously agreed upon. (Doc. 180). In response, Defendants have agreed to the deposition of one of the three individuals, Mr. McLevish, and contest Plaintiffs' request as to the two others on grounds of duplicity. (Doc. 185, at 3-6). Defendants also assert that Plaintiffs' request is premature. (Doc. 185, at 6).

The parties also seek the Court's assistance in resolving a dispute as to how the remote deposition expenses should be paid, and how deposition time should be allocated. (Doc. 180; Doc. 185; Doc. 190). Defendants submit that the noticing party should be responsible for all costs associated with exhibits, including shipping costs. (Doc. 185, at 7). Defendants also assert that any time spent retrieving exhibits should not extend the length of the deposition. (Doc. 185, at 7). Plaintiffs seek the Court's input on these issues. (Doc. 180, at 7).

**I.     DISCUSSION**

    A.     EXCESS DEPOSITIONS

Plaintiffs seek to exceed the ten-deposition limit imposed by the Federal Rules of Civil Procedure, as well as the 16 depositions agreed to by the parties.[1] (Doc. 185, at 1). The additional individuals they would like to depose are David Miller and Aidan Clare. (Doc. 180, at 1). Miller is Walgreens' Divisional Vice President – Planning & Performance. (Doc. 180, at 5). Clare is Walgreens' Senior Vice President and Global Treasurer. (Doc. 180, at 6).

As an initial matter, Defendants submit that Plaintiffs' request is premature because depositions have yet to commence. (Doc. 185, at 6). According to Defendants, the agreed-upon depositions should be exhausted prior to allowing more, as individuals who are already due to be deposed will likely provide the material sought by the Plaintiffs from Miller and Clare. (Doc. 185, at 6). Plaintiffs submit that Defendants have made it clear that they will never agree to the depositions of these three individuals. (Doc. 190, at 6). When this is the case, according to Plaintiffs, the first ten depositions need not be exhausted. (Doc. 190, at 6).

Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure states that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if … a proposed deposition would result in more than ten depositions being taken…." Fed. R. Civ. P. 30(a)(2)(A). When determining whether leave to conduct additional depositions is warranted, the Court must consider the factors outlined in Rule 26(b)(2), which provide:

---

[1] The parties agreed to increase the deposition limit to 16 deponents, plus three additional identified deponents to be discussed after certain initial depositions. (Doc. 180, at 9-13). The parties reserved their rights to add and oppose additional deponents. (Doc. 180, at 9-13).

> [T]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); *see also* Notes of Advisory Committee on 1993 Amendments ("Leave to take additional depositions should be granted when consistent with the principles of Rules 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles."). "In other words, a party seeking more than ten depositions must overcome this presumptive limit by demonstrating that the additional depositions are reasonable and necessary." *Alaska Elec. Pension Fund v. Pharinacia Corp.*, 2006 WL 6487632, at *3 (D.N.J. 2006) (citing Fed. R. Civ. P. 26(b)). Parties should ordinarily exhaust their allowed number of depositions before making a request for additional depositions. *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013); *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4; *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 587 (D. Minn. 1999).

In *L.W. v. Lackawanna County, Pa.*, 2015 WL 2384229 (M.D. Pa. 2015), this Court granted the plaintiffs' motion to take additional depositions prior to exhausting their ten-deposition presumptive limit. *L.W.*, 2015 WL 2384229, at *1. In that case, the plaintiffs had deposed four individuals when they brought their motion. *L.W.*, 2015 WL 2384229, at *1. As for the additional deponents, "Plaintiffs have identified with specificity for the Court each proposed deponent's position and has described the relevance of his or her likely testimony based on the depositions already conducted and the documents reviewed by Plaintiffs'

3

counsel." *L.W.*, 2015 WL 2384229, at *1. Plaintiffs showed that there would be "no areas of significant overlap with respect to deponents' expected testimony and thus, have demonstrated that the discovery sought is not unreasonably cumulative or duplicative, or that the information sought could be obtained from a more convenient source." *L.W.*, 2015 WL 2384229, at *1. The plaintiffs demonstrated that the additional depositions were reasonable and necessary. *L.W.*, 2015 WL 2384229, at *1.

In *Alaska Elec. Pension Fund*, no witnesses had been deposed when the plaintiffs brought their motion to take additional depositions. *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4. As stated by the court, that case was "complex and may require depositions beyond the ten allowed for in the Federal Rules." *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4. Explaining the macro-level approach to the issue, the court stated,

> However, rather than temper the need for judicial scrutiny of expansive discovery, the complexity of the case underscores the Court's role in ensuring that the massive volume of potentially relevant information does not become an obstacle to efficient resolution of the matter. The Court best satisfies this role by evaluating any motion for leave to take additional depositions against the backdrop of information already obtained in permitted depositions.

*Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4. The court noted that the cases which "offer an analysis of a plaintiff's motion for leave to take additional depositions" (as opposed to those which contained no discussion so which may have involved no opposition to the effort to take additional depositions) were uniform in requiring at least some depositions to have already taken place before granting such a motion. *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4.

Addressing the testimony itself, the court in *Alaska Elec. Pension Fund* held that though the plaintiffs' description of the likely testimony was "adequately 'particularized,'" they did

4

not establish that it would not be cumulative or duplicative of other testimony. *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *5. Plaintiffs sought to depose all the authors of a study, some of whom would testify as to the same material in that study. *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *5. Multiple proposed deponents would also testify to defendants' label negotiations with the FDA. *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *5. The court concluded that "Plaintiffs' failure to exhaust their available depositions before moving for leave to take additional depositions precludes in this instance an informed determination of whether their proposed additional depositions would satisfy the standard promulgated in Federal Rules 30(a)(2)(A) and 26(b)(2)." *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *6.

The case at bar bears more similarities to *Alaska Elec. Pension Fund* than to *L.W.*, thus Plaintiffs' request shall not be granted at this juncture. Though the presumptive deposition limit had not been exhausted in *L.W.*, the party seeking to conduct additional depositions had at least commenced depositions. *L.W.*, 2015 WL 2384229, at *1 (noting that plaintiffs had deposed four individuals when they brought their motion). As in *Alaska Elec. Pension Fund*, Plaintiffs here have conducted no depositions. (Doc. 185, at 5-6; Doc. 190, at 6-7) (Defendants asserting that no depositions have yet occurred, with Plaintiffs not contesting this assertion); *see Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4. It is difficult to establish that additional depositions will not be cumulative or duplicative when no depositions have happened. *See Thykkuttathil*, 294 F.R.D. at 603; *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4; *Archer Daniels Midland Co.*, 187 F.R.D. at 587.

Despite the deposition limit not being exhausted in *L.W.*, the Court explained that "counsel for the Plaintiffs have shown no areas of significant overlap with respect to deponents' expected testimony…" *L.W.*, 2015 WL 2384229, at *1. Here, Plaintiffs have

signaled that there could be overlap between Miller's and Clare's testimony and the testimony of individuals scheduled to be deposed. Plaintiffs' justification for deposing Miller is that he was part of the seven-member Plan B working group, and "personally prepared the materials for that Pessina-led group" for the possibility that the deal did not go through. (Doc. 180, at 5-6). Additionally, he composed a negative report to Walgreens' Senior Vice President, Global M&A, Mark Vainisi, regarding the stores at issue. (Doc. 180, at 6). As for Miller's membership in the Plan B working group, multiple members of that group have been stipulated by the parties to be deposed, thus any testimony unique to that group may be covered by scheduled depositions. *See* (Doc. 180, at 5, 11-12; Doc. 185, at 1) (naming Stefano Pessina, "Alex," Marco Pagni, David Miller, "Kuinicki," "Bernstein," and McLevish as members of the Plan B group, and stipulating that Pessina, Pagni, and McLevish would be deposed). The presentation he prepared for that group appears to have been done together with McLevish, who will be deposed. (Doc. 180, at 27). Thus, testimony as to that presentation and its preparation may overlap with the testimony of McLevish. Additionally, the email written by Miller on December 14, 2016, may be testified to by Mark Vainisi, whom Miller was responding to and to whom that email was addressed. (Doc. 180, at 40); *see* (Doc. 180, at 11-12) (naming Vainisi as a stipulated deponent).

   To the extent that Clare was involved in the Plan B working group, his testimony as to that group may be addressed by other deponents for the same reasons discussed above with regard to Miller. *See* (Doc. 180, at 5, 11-12; Doc. 185, at 1). Additionally, Clare's updates on the FTC review process to ratings agencies, including the comment that Walgreens was concluding that the likelihood of FTC approval was low, may also be addressed by other testimony. (Doc. 180, at 6). The email containing this comment was sent to Marco Pagni, as

6

well as George Fairweather and Joseph Greenberg, all of whom are stipulated deponents. (Doc. 180, at 11-12, 43). This comment was a product of a meeting which included Fairweather. (Doc. 180, at 43). As such, Fairweather may testify as to the circumstances of this comment. Clare's potential testimony submitted by Plaintiffs could be duplicative of other deponents.

For the foregoing reasons, Plaintiffs have failed to establish that Miller's and Clare's testimony would not be cumulative or duplicative of other testimony. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Prior to commencing depositions, this is a difficult bar to meet. *See Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4. As such, Plaintiffs request is overruled without prejudice to making the request again at a later date, and fees shall not be shifted. (Doc. 180; Doc. 190, at 7).

  B. R<small>EMOTE</small> D<small>EPOSITION</small> P<small>ROTOCOL</small>

The parties are in disagreement as to who should bear the costs of copying and shipping potential exhibits for purposes of remote depositions. (Doc. 180, at 7; Doc. 185, at 6-7). Plaintiffs indicate that the party demanding that exhibits be physically delivered should bear the costs of copying and shipping the exhibits. (Doc. 180, at 7). Defendants state that this would run counter to normal depositions, where the noticing party bears the costs associated with exhibits. (Doc. 185, at 7). Plaintiffs also indicate that time spent locating hard copy exhibits should not count against record time in the deposition. (Doc. 180, at 7). Defendants submit that this time should be included in the seven-hour deposition time limit. (Doc. 180, at 7).

At this juncture, there is no reason to depart from the usual practice regarding these issues. When depositions are conducted in person, the costs of copying exhibits are borne by

the noticing party, and that should stay consistent when the depositions are remote. In addition, the Court is aware of no instances where shipping costs have been judicially shifted from the noticing party in the event of a remote deposition. As for the time issue, again the Court is unaware of any occasion where the time spent searching for exhibits has been held to extend the time of the deposition. The parties have the ability to make hard copies of the exhibits easily locatable, therefore the Court has no reason to believe that an exorbitant amount of time will be spent searching for exhibits. The time of the depositions will not be extended for time spent locating exhibits, and the costs of copying and shipping exhibits will continue to lie with the noticing party.

## II.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' request to increase the number of deponents under Rule 30(a)(2)(A). The noticing party bears the costs of copying and shipping exhibits for remote deposition, and the time spent locating exhibits will continue to count against the depositions' time limits.

An appropriate order will follow.

Dated: March 12, 2021                                       *s/ Karoline Mehalchick*
                                                                                      **KAROLINE MEHALCHICK**
                                                                                      **United States Magistrate Judge**