UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS S. CHABOT, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>WALGREENS BOOTS ALLIANCE, INC., et al.,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Action No. 1:18-cv-02118-CCC-KM<br><br>CLASS ACTION<br><br>PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE |

**REDACTED VERSION**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................1

II.   PROCEDURAL HISTORY AND STATEMENT OF RELEVANT
      FACTS ....................................................................................2

III.  WALGREENS DOES NOT SHOW <u>PREJUDICE</u> UNDER THE
      APPLICABLE LEGAL STANDARD ...........................................4

IV.   PLAINTIFFS' RULE 56.1 RESPONSE IS PROPER ...................5

      A.   <u>Walgreens' State of Mind Facts</u>:  Plaintiffs Properly Responded
           with Contradicting Contemporaneous Evidence...................6

           1.   Summary of Walgreens' State of Mind Facts and
                Plaintiffs' Responses....................................................6

           2.   The Third Circuit's Ruling in *Infinity Group* Supports
                Plaintiffs' Responses....................................................9

           3.   Evaluating a Purported State of Mind Requires
                Evaluating Contemporaneous Documents................................11

           4.   Assessing Witness Credibility Requires Resorting to
                Contemporaneous Documents .................................11

           5.   This Court Has Ruled that Contemporaneous Documents
                Are Relevant to State of Mind .................................12

           6.   Additional Authority in Securities Cases Further
                Supports Plaintiffs' Responses .................................13

           7.   Non-Movants Are Permitted to Dispute "Outcome
                Determinative" Facts .................................................14

      B.   <u>Walgreens' Facts with Credibility Problems</u>:  Plaintiffs
           Properly Responded With Evidence .................................14

**Page**

    C.    <u>Walgreens' "Warning" Facts</u>:  Plaintiffs Properly Provided
        Crucial Context...................................................................................17

    D.    <u>Walgreens' Facts About the Statements at Issue and Loss
        Causation</u>:  Plaintiffs Properly Provided Important Detail ................18

    E.    <u>Walgreens' Facts Submitted in Violation of the Court's Order</u>:
        Plaintiffs Properly Objected .................................................................18

    F.    <u>Walgreens' Facts Referenced in a Footnote of the MTS</u>:
        Plaintiffs Properly Responded..............................................................19

V.     THE COURT MAY CONSIDER PLAINTIFFS' ADDITIONAL
      STATEMENT OF FACTS..........................................................................19

VI.    THE COURT SHOULD NOT PROVIDE WALGREENS WITH
      ANOTHER SUR-REPLY ...........................................................................21

VII.   CONCLUSION...........................................................................................21

4869-6787-7404

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alcantara v. Aerotek, Inc.*,
2018 WL 3007528 (M.D. Pa. June 15, 2018),
*aff'd*, 765 F. App'x 692 (3d Cir. 2019)................................................................6

*Barnes v. Commonwealth Dep't of Corr.*,
706 F. Supp. 2d 593 (M.D. Pa. 2010)................................................................4

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
455 F.3d 195 (3d Cir. 2006) .............................................................................11

*Berry v. Kabacinski*,
2016 WL 3683158 (M.D. Pa. July 12, 2016),
*subsequently aff'd*, 704 Fed. App'x 71 (3d Cir. 2017)........................................4

*Butters v. SWN Prod. Co., LLC*,
2020 WL 1503657 (M.D. Pa. Mar. 30, 2020) ..................................................11

*Chabot v. Walgreens Boots All., Inc.*,
2021 WL 767516 (M.D. Pa. Feb. 26, 2021)................................................12, 13

*Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*,
441 F. Supp. 2d 695 (M.D. Pa. 2006)..................................................................5

*Doeblers' Pa. Hybrids, Inc. v. Doebler*,
442 F.3d 812 (3d Cir. 2006) .............................................................................21

*Dolan v. Cmty. Med. Ctr. Healthcare Sys.*,
2008 WL 11499207 (M.D. Pa. Dec. 29, 2008) ................................................20

*El v. SEPTA*,
479 F.3d 232 (3d Cir. 2007) ......................................................................11, 15

*Fischer v. Pennsylvania State Police*,
2009 WL 650251 (M.D. Pa. Mar. 10, 2009) ..............................................18, 19

*Glodek v. Jersey Shore State Bank*,
2009 WL 2778286 (M.D. Pa. Aug. 28, 2009) ..........................................4, 5, 18

- iii -

**Page**

*In re Energy Future Holdings Corp.*,
   990 F.3d 728 (3d Cir. 2021) ..............................................................14

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
   2020 WL 1479128 (E.D. Pa. Mar. 25, 2020) ....................................17

*Justofin v. Metro. Life Ins. Co.*,
   372 F.3d 517 (3d Cir. 2004) ..............................................................11

*Karpf v. Mass. Mut. Life Ins. Co.*,
   2018 WL 1142189 (E.D. Pa. Mar. 1, 2018) ......................................12

*Matson-Forester v. Allstate Ins. Co.*,
   2014 WL 580267 (M.D. Pa. Feb. 12, 2014) ........................................4

*McLean v. Alexander*,
   599 F.2d 1190 (3d Cir. 1979) ............................................................10

*Muldowney v. K-Mart Corp.*,
   2013 WL 6061563 (M.D. Pa. Nov. 18, 2013) ..............................11, 15

*NTP Marble, Inc. v. AAA Hellenic Marble, Inc.*,
   2012 WL 607975 (E.D. Pa. Feb. 27, 2012) ......................................15

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension
   Fund*,
   575 U.S. 175 (2015)....................................................................13, 14

*Park v. Veasie*,
   2011 WL 1831708 (M.D. Pa. May 11, 2011)......................................5

*Pearlstein v. BlackBerry Ltd.*,
   2022 WL 19792 (S.D.N.Y. Jan. 3, 2022) ....................................*passim*

*Reid v. Sleepy's, LLC*,
   2016 WL 3345521 (M.D. Pa. June 16, 2016)........................1, 4, 5, 22

4869-6787-7404

**Page**

*SEB Inv. Mgmt. AB v. Endo Int'l, PLC*,
  351 F. Supp. 3d 874 (E.D. Pa. 2018)...................................................................10

*SEC v. Berrettini*,
  2012 WL 5557993 (N.D. Ill. Nov. 15, 2012) ......................................................13

*SEC v. Infinity Group Co.*,
  212 F.3d 180 (3d Cir. 2000) ....................................................................2, 9, 10

*Shenwick v. Twitter, Inc.*,
  282 F. Supp. 3d 1115 (N.D. Cal. 2017).............................................................18

*United States v. Cook*,
  2018 WL 6499872 (D. Del. Dec. 11, 2018),
  *aff'd*, 820 F. App'x 110 (3d Cir. 2020).............................................................16

*Universal Underwriters Ins. Co. v. Dedicated Logistics, Inc.*,
  2014 WL 12600172 (W.D. Pa. June 4, 2014) ....................................................15

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
  §78(b)........................................................................................................1, 9, 13

17 C.F.R.
  §240.10b-5 .........................................................................................................1

## SECONDARY AUTHORITIES

11 *Moore's Federal Practice – Civil*
  §56.91 (2022)......................................................................................................4

4869-6787-7404

## INDEX OF DEFINED TERMS

| | |
|---|---|
| Class Period | Between October 20, 2016 and June 28, 2017, inclusive |
| Defendants | Walgreens Boots Alliance, Inc., Stefano Pessina and George R. Fairweather collectively |
| Exchange Act | Securities Exchange Act of 1934 |
| Fairweather | George R. Fairweather |
| FTC | Federal Trade Commission |
| Merger | The merger between Rite Aid and Walgreens jointly announced on October 27, 2015, and as amended in late January 2016 |
| P56.1 Opp. | Plaintiffs' Responses to Defendants' Statement of Undisputed Material Facts (ECF No. 242-2) |
| Pessina | Stefano Pessina |
| Plaintiffs | Lead Plaintiffs Douglas S. Chabot and Corey M. Dayton |
| Rite Aid or RAD | Rite Aid Corporation |
| Rule 10b-5 | SEC Rule 10b-5, codified at 17 C.F.R. §240.10b-5 and promulgated under the Exchange Act |
| Walgreens | Walgreens Boots Alliance, Inc., also utilized in the accompanying brief as a collective reference to Defendants |
| Weil | Weil, Gotshal & Manges LLP |
| §10(b) | §10(b) of the Securities Exchange Act of 1934 |
| §20(a) | §20(a) of the Securities Exchange Act of 1934 |

## I.     INTRODUCTION

Motions to strike Rule 56.1 material are "viewed as a drastic remedy," and "such motions are generally disfavored." *Reid v. Sleepy's, LLC*, 2016 WL 3345521, at *6 (M.D. Pa. June 16, 2016) (J. Caputo).[1]

This case, brought under §10(b) of the Exchange Act and Rule 10b-5, alleges intentionally misleading public statements by Defendants (collectively, "Walgreens") regarding a lengthy FTC review on a failed $17.2 billion Merger.  By this motion (the "MTS"), Walgreens asks the Court to strike Plaintiffs' properly submitted Rule 56.1 filings, declare ***nearly all*** of Walgreens' ***228*** factual assertions as undisputed, and thereby grant Walgreens' motion for summary judgment by default.  Walgreens' sweeping request – to erase the contemporaneous evidence undermining its defense – is meritless.

Just three months ago, also in a §10(b) case, the Southern District of New York addressed a virtually identical motion to strike the plaintiffs' 201-page Local Rule 56.1 response.  *See Pearlstein v. BlackBerry Ltd.*, 2022 WL 19792, at *7-*8 (S.D.N.Y. Jan. 3, 2022).  The court ruled:  "This is a silly and pointless motion, one obviously (and desperately) made because, unless the Rule 56.1 statement is stricken, the record is replete with disputed facts.  It is denied."  *Id.* (parenthesis in original).

---

[1]   Unless otherwise noted, all emphasis is added and citations and footnotes are omitted.  "P56.1 Opp." refers to Plaintiffs' Responses to Defendants' Statement of Undisputed Material Facts.  ECF No. 242-2.

"Insofar as Defendants' motion to strike seeks to challenge the sufficiency or credibility of the evidence and factual assertions to which Plaintiffs cite, a trial, not a motion to strike, is the proper vehicle for resolving those disputes." *Id.* at *8.

The same holds true here. The Third Circuit expressly mandates that, in a securities case, when a defendant asserts a "good faith belief" defense, "***we nevertheless must examine the foundation such a belief would have rested upon***. A good faith belief is not a 'get out of jail free card.'" *SEC v. Infinity Group Co.*, 212 F.3d 180, 193 (3d Cir. 2000). Despite Walgreens' vaguely asserted, undated, and uncorroborated testimonial "facts," Plaintiffs' Rule 56.1 statements are clear, direct, responsive, properly cited, adequately sourced, and contain a multitude of quotes and hard evidence confirming multiple genuine issues of fact for trial. For the reasons stated herein, Walgreens' MTS should be denied.

## II.   PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

When requesting leave to file a 22,000 word summary judgment brief, Walgreens touted the "massive factual record," which, according to Walgreens, "far exceeds the discovery permitted in a typical case." ECF No. 218, ¶¶4-10. Walgreens described the production of 800,000 pages of documents from 21 custodians or third parties; 3,600 pages of deposition testimony; 600 deposition exhibits; and ten expert reports from five expert witnesses. *Id.*

- 2 -

In an effort to narrow the issues for trial, Plaintiffs distilled that voluminous record into a targeted motion for summary judgment filed on January 24, 2022, ***under the 5,000 word limit***.  ECF Nos. 236-237.  The same day, Walgreens filed a 15,000 word brief with an 85-page Rule 56.1 statement, containing 228 separate facts and 309 footnotes.  ECF Nos. 231-232.

On March 14, 2022, Plaintiffs responded to Walgreens' "facts" under Rule 56.1, and submitted an "Additional Statement of Material Facts."  ECF Nos. 242-1, 242-2, 242-3.  The same day, Walgreens filed a 148-page response to Plaintiffs' previously filed 58-page statement of facts.  ECF No. 245-1.

Notably, Walgreens' own Rule 56.1 response runs afoul of what Walgreens now claims is improper.  Rather than simply "admit" or "deny" facts, Walgreens qualified, added commentary, and argued the import and legal relevance of various facts.  *Id., passim*. ███████████████████████████████

████████████████████████████████████

███████████████████████     Thus, Walgreens' own Rule 56.1 response demonstrates that this MTS is without merit and should be denied.  *Id.*

Two days after receiving Plaintiffs' opposition and supporting statements, on March 16, 2022, Walgreens requested leave to file a 15,000 word reply brief.  ECF No. 255.  When making that request, which the Court ultimately granted, Walgreens specifically cited Plaintiffs' Rule 56.1 statements as two of the "reasons" justifying

the excess words in Walgreens' reply (the same statements Walgreens now seeks to strike here).  *Id.*, ¶¶4-6.

## III.  WALGREENS DOES NOT SHOW <u>PREJUDICE</u> UNDER THE APPLICABLE LEGAL STANDARD

As noted, motions to strike Rule 56.1 material are "viewed as a drastic remedy," and "such motions are generally disfavored."  *Reid*, 2016 WL 3345521, at \*6.[2] *Accord* 11 *Moore's Federal Practice – Civil* §56.91 (2022) ("Prior to 2010, motions to strike were often used to object to defective supporting materials [in summary judgment response papers].  However, this is no longer the proper procedure."); *BlackBerry*, 2022 WL 19792, at \*7-\*8 (same).

As a result, "it is not the practice of this Court to strike a party's [Rule 56.1] SMF, either in whole or in part, or admit the opposition party's SMF wholesale." *Glodek v. Jersey Shore State Bank*, 2009 WL 2778286, at \*1 n.1 (M.D. Pa. Aug. 28, 2009) (J. McClure, Jr.).  "Instead, in evaluating motions for summary judgment, we glean what useful information we can from the parties' SMFs and disavow improper

---

[2]   This Court has applied that same standard on multiple occasions when denying motions to strike Rule 56.1 statements, responses, or additional statements of facts. *See, e.g.*, *Berry v. Kabacinski*, 2016 WL 3683158, at \*2 n.2 (M.D. Pa. July 12, 2016) (MJ. Carlson), *subsequently aff'd*, 704 Fed. App'x 71 (3d Cir. 2017); *Matson-Forester v. Allstate Ins. Co.*, 2014 WL 580267, at \*3 (M.D. Pa. Feb. 12, 2014) (J. Kane); *Barnes v. Commonwealth Dep't of Corr.*, 706 F. Supp. 2d 593, 612-13 (M.D. Pa. 2010) (J. Caputo).

or unsupported entries, or portions thereof."  *Id.*; *see also BlackBerry*, 2022 WL 19792, at *8 (same).

"Even when the [Rule 56.1 statement] is 'redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted **unless the presence of the surplusage will prejudice the adverse party**.'"  *Reid*, 2016 WL 3345521, at *6. Walgreens makes no assertion of prejudice here – the word "prejudice" never once appears in its brief.  Walgreens' MTS should be denied for this reason alone.[3]

## IV.   PLAINTIFFS' RULE 56.1 RESPONSE IS PROPER

Plaintiffs' responsive statement complied with the text of Local Rule 56.1.  It referenced "the parts of the record that support the statements" and responded to the corresponding numbered paragraphs "as to which [Plaintiffs'] contended that there exists a genuine issue to be tried."  LR 56.1.

Walgreens cannot dispute that, so it is left only with the argument that Plaintiffs' response was not "short and concise."  MTS at 2-4.  The Court has rejected such arguments in a complex case.  "While we agree that [the] statement of facts was lengthy compared to that of a normal case, given the thousands of pages of exhibits in this case it was entirely appropriate, necessary, and helpful."  *Diamond Triumph Auto*

---

[3]   The Court in *Reid* also distinguished *Park v. Veasie*, 2011 WL 1831708 (M.D. Pa. May 11, 2011), which Walgreens relies upon in the MTS.  "In contrast [to *Park*], Plaintiff's Counterstatement here, though lengthy, is not muddled with inflammatory phrases such as 'outrageous acts' or 'wild, imaginary, and wholly unsubstantiated concerns.'"  *Reid*, 2016 WL 3345521, at *7.

*Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 717 n.14 (M.D. Pa. 2006) (J. Munley).

Moreover, responsive statements of fact are not limited solely to admissions, denials, and nothing else.  In *Alcantara*, the defendant argued that "some of Plaintiff's responses to its Statement of Material Facts do not contradict the statements and therefore its statements must be deemed admitted under Local Rule 56.1."  *Alcantara v. Aerotek, Inc.*, 2018 WL 3007528, at *1 n.4 (M.D. Pa. June 15, 2018) (J. Brann), *aff'd*, 765 F. App'x 692 (3d Cir. 2019).  The Court ruled:  "I disagree. Local Rule 56.1 only requires that the nonmoving party 'respond[]' to the statements, not contradict them."  *Id.*

## A.    <u>Walgreens' State of Mind Facts</u>:  Plaintiffs Properly Responded with Contradicting Contemporaneous Evidence

Walgreens argues that Plaintiffs' citations (including direct quotes from regulators, outside counsel, financial advisors, and corporate insiders) should be stricken because such evidence is, purportedly, "wholly non-responsive" to Walgreens' otherwise self-serving, uncorroborated state of mind deposition testimony. MTS, *passim*.  Walgreens is wrong.

### 1.    Summary of Walgreens' State of Mind Facts and Plaintiffs' Responses

The principle fact in dispute is Fact No. 34.  Walgreens states in full:  ████

████████████████████████████████████████████

- 6 -

.

- 7 -

███████████████████████████████████████████

██████

- Walgreens' antitrust counsel, Weil, admits that "[i]t became very clear at the very beginning that the FTC was generally opposed to any transaction between Walgreens and Rite Aid," P56.1 Opp., ¶34;

- Walgreens executives wrote in emails regarding the FTC review, █████

  ██████████████████████████████████████

  ██████████████████████████████████████

  ██████████████████████████████████████

  ████████████████████████████

- ██████████████████████████████████████

  ██████████████████████████████████████

- ██████████████████████████████████████

  ██████████

- ██████████████████████████████████████

  ██████████████████████

- ██████████████████████████████████████

  ██████████████████████████████████████

  ████████████████████████████████

4869-6787-7404



### 2.   The Third Circuit's Ruling in *Infinity Group* Supports Plaintiffs' Responses

In *Infinity Group Co.*, 212 F.3d 180, the Third Circuit affirmed the district court's judgment against the defendants in a §10(b) case.  The defendants, like Walgreens here, argued that they too could not be held liable where "'they believed their representations . . . to be true.'"  *Id.* at 193.  The Third Circuit rejected that argument in two principal ways.

***First***, the Third Circuit held that even if it "assume[d] arguendo that [defendants] believed in these guarantees, we nevertheless must examine the

4869-6787-7404

foundation such a belief would have rested upon.  A good faith belief is not a 'get out of jail free card.'  It will not insulate the defendants from liability if it is the result of reckless conduct."  *Id.* (citing *McLean v. Alexander*, 599 F.2d 1190 (3d Cir. 1979)). The court affirmed the district court's analysis of contemporaneous evidence indicating that even a "complete neophyte in finance" would have realized that the "business was on the wrong track."  *Id.*  Here too, ███████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████

**Second**, the Third Circuit affirmed the district court's use of contemporaneous evidence to reject the defendants' purported good faith belief.  *Id.* at 193-94.  The Third Circuit "stressed that . . . 'circumstantial evidence may often be the principal, if not only, means of proving bad faith.'"  *Id.* at 194; *see also McLean*, 599 F.2d at 1198 ("We stress that to prove scienter the plaintiff need not produce direct evidence of the defendant's state of mind.").  The Third Circuit again emphasized the need to examine the "evidence supporting," or contradicting, the purported belief.  *Infinity Group*, 212 F.3d at 194; *accord SEB Inv. Mgmt. AB v. Endo Int'l, PLC*, 351 F. Supp. 3d 874, 897 (E.D. Pa. 2018) ("An opinion about data cannot be considered reasonably held if it is not supported by the evidence or ignores contradictory results in the same data.").

### 3. Evaluating a Purported State of Mind Requires Evaluating Contemporaneous Documents

The Third Circuit also holds that "evaluating state of mind often requires the drawing of inferences from the conduct of parties about which reasonable persons might differ." *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 524 (3d Cir. 2004); *see also Butters v. SWN Prod. Co., LLC*, 2020 WL 1503657, at *10 (M.D. Pa. Mar. 30, 2020) (J. Conner) ("Bad faith is routinely treated as a context-specific issue for the fact-finder.").

Likewise, when reversing the district court's grant of summary judgment for a defendant on a securities claim, the Third Circuit has held:  "Based upon all the information available to [defendant] at the time it entered into the Agreement, we conclude that there is an issue of fact as to whether [defendant] was reckless in its belief . . . . This issue must be resolved by the trier of fact . . . ." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 221 (3d Cir. 2006).

### 4. Assessing Witness Credibility Requires Resorting to Contemporaneous Documents

The Third Circuit has also made clear:  "When a witness's credibility is critical to supporting the necessary findings of fact, the district court must consider whether there are sufficient grounds for impeachment that would place the facts to which he testifies in legitimate dispute." *El v. SEPTA*, 479 F.3d 232, 237 (3d Cir. 2007); *Muldowney v. K-Mart Corp.*, 2013 WL 6061563, at *11 (M.D. Pa. Nov. 18, 2013) (J.

- 11 -

Conner, MJ. Mehalchick) (same quote, denying, in part, motion for summary judgment where "the testimonial evidence submitted by Defendants is insufficient to establish the absence of a genuine dispute of material fact").

In other words, "[s]ummary judgment is not appropriate . . . where the movant's self-serving averments cannot be reconciled with the non-movant's conflicting evidence." *Karpf v. Mass. Mut. Life Ins. Co.*, 2018 WL 1142189, at *10 (E.D. Pa. Mar. 1, 2018). Such "conflicting evidence" can take the form of emails, such as those relied upon by Plaintiffs in their Rule 56.1 statements here, undermining the movant's deposition testimony. *Id.* at *8 ("These assertions, in addition to being self-serving, are inconsistent with other [email] evidence in the record.").

### 5.    This Court Has Ruled that Contemporaneous Documents Are Relevant to State of Mind

The Court's previous motion to quash ruling also supports Plaintiffs' responses. Walgreens previously argued that contemporaneous documents never received by Walgreens executives were irrelevant because they could not "potentially have influenced the speaker's state of mind and beliefs . . . ." *See Chabot v. Walgreens Boots All., Inc.*, 2021 WL 767516, at *3 (M.D. Pa. Feb. 26, 2021). The Court soundly rejected that argument:  "The truths and perceptions of the FTC review of the proposed transactions are integral to this matter. ***Any piece of information which addresses the review, including what was known or believed by Weil, Walgreens, or***

- 12 -

*any other party to the proposed transactions, could shed light on what Defendants*

*knew or believed*." *Id.*

> ### 6. Additional Authority in Securities Cases Further Supports Plaintiffs' Responses

In *BlackBerry*, the court rejected arguments virtually identical to Walgreens'

arguments here:

> Plaintiffs point out that the "vast majority of Defendants' 'objections' "in their motion to strike "ask the Court to call balls and strikes on the credibility or persuasiveness of each party's evidence." As they correctly point out, "This a job for the jury at trial, not the Court on summary judgment, much less a motion to strike." . . . Insofar as Defendants' motion to strike seeks to challenge the sufficiency or credibility of the evidence and factual assertions to which Plaintiffs cite, a trial, not a motion to strike, is the proper vehicle for resolving those disputes.

*BlackBerry*, 2022 WL 19792, at *8. The *BlackBerry* court went on to find triable

issues of fact under *Omnicare*. *Id.* at *9.

Also on point is *SEC v. Berrettini*, 2012 WL 5557993, at *1 n.1 (N.D. Ill. Nov.

15, 2012). There, the defendant in a §10(b) case also moved to strike the plaintiffs'

Local Rule 56.1 response, arguing that it was "evasive and non-responsive" because it

responded to statements of belief with contemporaneous evidence. *Id.* For example,

the defendant there asserted that certain information was "'***known by everybody on***

***the mergers and acquisitions team***.'" *Id.*[4] The court noted, "[t]he [plaintiff] disputes

---

[4]    *Compare with* P56.1 Opp., ¶41 ("Other WBA executives also testified that they believed the Merger would close.").

- 13 -

that, and its response provides citations to the record to explain why . . . ."  *Id.*  The court concluded that the plaintiffs' response appropriately "provided many helpful and precise citations to the record."  *Id.*  So too here.

### 7. Non-Movants Are Permitted to Dispute "Outcome Determinative" Facts

"Genuine issues of material fact refer to any reasonable disagreement over an outcome determinative fact."  *In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021). ██████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████  MTS at 14 (citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015)); P56.1 Opp., ¶¶34-35, 37-41, 43. Not so.  Where a fact is purportedly "outcome determinative," *id.*, Plaintiffs **must** properly respond with contradicting evidence, not simply ignore it (as Walgreens would have it).  That is what Plaintiffs have done.

### B. Walgreens' Facts with Credibility Problems:  Plaintiffs Properly Responded With Evidence

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████  MTS at 11-13.  Walgreens contends that it is improper to contest the credibility of the source of a fact in order to dispute that fact. *Id.*  Walgreens, again, is wrong.

- 14 -

"Questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will defeat a motion for summary judgment." *El*, 479 F.3d at 238 (cleaned up); *Muldowney*, 2013 WL 6061563, at *11 (same quote). Accordingly, a genuine issue of material fact exists where "the credibility of [the movant's] witnesses on [a] critical point remains subject to legitimate impeachment . . . ." *Universal Underwriters Ins. Co. v. Dedicated Logistics, Inc.*, 2014 WL 12600172, at *3 (W.D. Pa. June 4, 2014). The case law is clear:

> [I]f the credibility of the movant's witness is challenged by the opposing party and specific bases for possible impeachment are shown, summary judgment should be denied; however, *there must be more than mere allegations in a memorandum of law to place credibility in issue and preclude summary judgment. Specific facts must be produced*.

*NTP Marble, Inc. v. AAA Hellenic Marble, Inc.*, 2012 WL 607975, at *4 (E.D. Pa. Feb. 27, 2012). Here, Plaintiffs did just that.

 Plaintiffs also included that Weil's own website currently admits that:

> "'It became very clear at the very beginning that the FTC was generally opposed to any transaction between Walgreens and Rite Aid . . . . [T]he client considered it an incredible coup that we got essentially 1,900

stores from Rite Aid when no one ever thought that was going to be the case.'"

*Id.* (quoting PX 141 (Dep. Ex. 420) at 1).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ █ ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ Walgreens' factual quarrel with its own attorneys'

admission is not a ground to strike Plaintiffs' evidence.  Rather, it brightly illuminates

an issue for trial.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[5]   *See*, *e.g.*, *United States v. Cook*, 2018 WL 6499872, at *8 (D. Del. Dec. 11, 2018) ("'ample authority [exists] for the proposition that an attorney's [extra-judicial] statements may bind the party whom the attorney represents' either 'under Federal Rule of Evidence 801(d)(2)(C) or (D)'"), *aff'd*, 820 F. App'x 110, 114-15 (3d Cir. 2020).

███████████████████████████████████████████

██████

**C.    Walgreens' "Warning" Facts:  Plaintiffs Properly Provided
Crucial Context**

Walgreens further requests that the Court strike Plaintiffs' responses to a

number of facts describing Walgreens' and Rite Aid's purported cautionary language.

P56.1 Opp., ¶¶8-9, 11-13, 88-89, 106-107, 112, 115-116, 129, 139, 156, 181-182, 197.

███████████████████████████████████████████

█████████████████   But, here too, the underlying facts and surrounding context are

crucial.  *See, e.g.*, *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, 2020 WL

1479128, at *17 (E.D. Pa. Mar. 25, 2020) ("courts have rejected the alleged

significance of boilerplate warnings true to every company that interacts with the

FDA"). ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████

- 17 -

D.   **Walgreens' Facts About the Statements at Issue and Loss Causation:  Plaintiffs Properly Provided Important Detail**

Walgreens asks the Court to strike Plaintiffs' responses to Walgreens' facts quoting the allegedly misleading statements at issue.  *See* MTS at 14-15; P56.1 Opp., ¶¶114, 127-128, 157, 198. ███████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████ The media reports are plainly at issue in this case.  *See Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1139 (N.D. Cal. 2017) (analyst and media reports show how "investors interpreted Defendants' statements").

Plaintiffs also introduced evidence of loss causation in response to related facts. P56.1 Opp., ¶¶26-28, 177, 221-228.  This too, is proper.  *See, e.g., Glodek*, 2009 WL 2778286, at *1 n.1.

E.   **Walgreens' Facts Submitted in Violation of the Court's Order:  Plaintiffs Properly Objected**

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████   *See* MTS at 15-16; P56.1 Opp., ¶¶32, 143; ECF No. 193 at 16-17; ECF No. 194 (Order).  Walgreens cites no authority for its position.  This Court, however, has specifically ruled that objections are proper in a Rule 56.1 response.  *See Fischer v. Pennsylvania State Police*, 2009 WL 650251, at *9 n.2 (M.D. Pa. Mar. 10, 2009)

- 18 -

(J. Jones) ("meritorious evidentiary objection to the putative undisputed fact" sufficient to rebut a fact).[6]

**F.** **Walgreens' Facts Referenced in a Footnote of the MTS: Plaintiffs Properly Responded**



## V. THE COURT MAY CONSIDER PLAINTIFFS' ADDITIONAL STATEMENT OF FACTS

Plaintiffs' additional statement of material facts – which provides organized, clear, direct, and pinpointed quotes and cites to the record – should assist the Court in quickly and easily locating the evidence cited in Plaintiffs' opposition brief.

There is no doubt that a split of authority exists in this Court regarding the propriety of a non-movant's assertion of additional facts. *Compare* ECF No. 242-3 at

---

6

- 19 -

1-2 (collecting cases) *with* MTS at 4-5 (collecting cases).  Judge Jones' ruling in *Dolan* is instructive: "Defendant seems to insinuate that Plaintiff's filing of an additional counterstatement of fact is violative of Rule 56.1 . . . . This position is simply incorrect." *Dolan v. Cmty. Med. Ctr. Healthcare Sys.*, 2008 WL 11499207, at *3 (M.D. Pa. Dec. 29, 2008).  Judge Jones continued:  "Consider, if in responding to the statement of facts proffered by the movant the respondent could not identify any facts except those contained in that statement, the movant could effectively prevent the respondent from challenging the movant's motion with facts damaging to the movant.  This would be patently unfair and prejudicial." *Id.*

When submitting the additional statement, Plaintiffs described the purpose behind that filing as follows:

> While Plaintiffs have concurrently responded in full to each item in the voluminous Defendants' Statement of Undisputed Facts, one-by-one, as called for under Local Rule 56.1, Plaintiffs submit this additional statement so that the Court may access a cleaner chronological summary of Plaintiffs' evidence, organized by subject matter.  Given the sheer number of disputed facts at issue, Plaintiffs believe that the specific paragraph citations here should assist the Court in quickly and easily identifying particular facts and evidence cited in Plaintiffs' accompanying opposition brief.

ECF No. 242-3 at 1.  Here, ███████████████████████████████████

██████████████████████████████████████████████████████████████

███████████  Given that reality, Plaintiffs believe that pinpoint citations to the facts cited in its opposition helps mitigate the "truffle hunt" the judiciary seeks to avoid.  *Cf.*

*Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006).

Plaintiffs, however, ultimately defer to the Court's discretion on this issue.

## VI.   THE COURT SHOULD NOT PROVIDE WALGREENS WITH ANOTHER SUR-REPLY

Walgreens' MTS also requests various sur-replies to Plaintiffs' statements of

fact.  MTS at 9, 19.  *Cf.* ECF No. 258 at 1-2 (Walgreens explaining to the Court that

"[a] sur-reply is appropriate only when the non-movant has been denied a fair

opportunity to respond," which requires an "extraordinary need").  Walgreens has

already had more than ample opportunity to respond to Plaintiffs' factual submissions,

including in the 15,000 word reply brief that Walgreens requested on March 16, 2022,

two days ***after*** receiving Plaintiffs' Rule 56.1 responses it now seeks to strike.  ECF

No. 255, ¶¶4-6.  Walgreens also mounted substantive responses to many of those facts

in the MTS itself.  MTS at 10-19.

The parties have submitted a more-than-fulsome record on summary judgment,

and it need not be supplemented with additional factual responses.  The recent

decision in *BlackBerry* is again on point:  "If Defendants wish to contest the evidence

– which admittedly by their motion [to strike] they seem to wish to do – they may do

that at trial."  *BlackBerry*, 2022 WL 19792, at *8.

## VII.   CONCLUSION

For the reasons stated herein, the Court should deny Walgreens' motion to

strike, Walgreens' requests for sur-replies, and Walgreens' request for nearly all of its

4869-6787-7404

purportedly undisputed facts to be deemed admitted as a matter of law.  At bottom,

Walgreens articulates no "prejudice" that could possibly support such a "drastic

remedy."  *Reid*, 2016 WL 3345521, at *6.

DATED:  April 18, 2022                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          RANDALL J. BARON
                                          DAVID T. WISSBROECKER
                                          A. RICK ATWOOD, JR.
                                          DAVID A. KNOTTS


                                          _____
                                             DAVID A. KNOTTS

                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101
                                          Telephone:  619/231-1058
                                          619/231-7423 (fax)

                                          *Lead Counsel for Plaintiffs*

                                          SAXTON & STUMP LLC
                                          LAWRENCE F. STENGEL
                                          280 Granite Run Drive, Suite 300
                                          Lancaster, PA 17601
                                          Telephone:  717/556-1000
                                          lfs@saxtonstump.com

                                          *Local Counsel*

- 22 -

## <u>DECLARATION OF SERVICE BY EMAIL</u>

      I, Jaime McDade, not a party to the within action, hereby declare that on April 18, 2022, I served the attached **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**, on the parties in the within action by email addressed as follows:

| | |
|---|---|
| Jonathan D. Polkes<br>Caroline Hickey Zalka<br>Chelsea Silverstein<br>Justin D'Aloia<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153<br>T: 212/310-8000<br>212/310-8007 (fax)<br>Jonathan.polkes@weil.com<br>Caroline.zalka@weil.com<br>Weil.walgreens.team@weil.com<br>Chelsea.silverstein@weil.com<br>Justin.daloia@weil.com<br><br>Attorneys for Defendants | Thomas G. Collins<br>BUCHANAN INGERSOLL & ROONEY PC<br>409 North Second Street, Suite 500<br>Harrisburg, PA 17101<br>T: 717/237-4843<br>717/233-0852 (fax)<br>Thomas.collins@bipc.com<br><br><br>Local Counsel for Defendants |
| Lawrence F. Stengel<br>C. Andrea Gadd<br>Carson B. Morris<br>SAXTON & STUMP LLC<br>280 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br>Telephone:  717/556-1000<br>lfs@saxtonstump.com<br>cag@saxtonstump.com<br>CBM@saxtonstump.com<br><br>Local Counsel for Plaintiffs | Randall J. Baron<br>David T. Wissbroecker<br>David A. Knotts<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>T: 619/231-1058<br>619/231-7423 (fax)<br>randyb@rgrdlaw.com<br>dwissbroecker@rgrdlaw.com<br>dknotts@rgrdlaw.com<br><br>Attorneys for Plaintiffs |

      I declare under penalty of perjury that the foregoing is true and correct.  Executed on 18th day of April, 2022, at San Diego, California.

                                               _____

                                              JAIME McDADE