UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS S. CHABOT, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 1:18-cv-02118-JPW |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | ORDER PRELIMINARILY |
| | ) | APPROVING SETTLEMENT AND |
| vs. | ) | PROVIDING FOR NOTICE |
| | ) | |
| WALGREENS BOOTS ALLIANCE, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS, an action is pending before this Court entitled *Chabot v. Walgreens Boots All., Inc.*, No. 1:18-cv-02118-JPW (the "Action");

WHEREAS, the Parties having applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated October 18, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto and a separate Supplemental Agreement Regarding Requests for Exclusion executed between Plaintiffs and Defendants (the "Supplemental Agreement"), sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, on January 21, 2020, the Court certified the following Class: all Persons or entities who purchased or otherwise acquired Rite Aid Corporation ("Rite Aid") common stock between October 20, 2016 and June 28, 2017, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: (i) defendant Walgreens Boots Alliance, Inc., and any of its subsidiaries, parents, and affiliates; (ii) defendants Stefano Pessina and George R. Fairweather and any of their immediate families, any entities in which they have a controlling interest, and their legal representatives, heirs, successors, or assigns; and (iii) the officers and directors of Rite Aid during the Class Period, and any members of their immediate families, any

- 1 -

entities in which they have a controlling interest, and their legal representatives, heirs, successors, or assigns; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    On a preliminary basis, the Settlement appears to be fair, reasonable, and adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant: (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement.  Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on February 7, 2024, at 1:30 p.m., in Courtroom 8A, United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, or remotely per details that will be made publicly available on the Settlement website (www.RiteAidSecuritiesSettlement.com) in advance of the Settlement Hearing, for the following purposes:

(a)    to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to determine whether Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement;

(c)    to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)    to consider the application of Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs;

(e)    to consider Class Members' objections to the Settlement, Plan of Allocation and/or application for attorneys' fees and expenses, if any; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court may adjourn the Settlement Hearing without further notice to Class Members, and reserves the right to approve the Settlement with such

modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

4.  The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publication of the Summary Notice, substantially in the manner and form set forth in ¶¶6-9 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.  The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

6.  Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), or by November 13, 2023, by first-class mail to all Class Members who can be identified with reasonable effort, and cause the Notice and Proof of Claim to be posted on the Settlement website at www.RiteAidSecuritiesSettlement.com.

7.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

8.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.     Nominees who purchased or acquired Rite Aid common stock for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, as set forth in the Notice, which expenses would not have been incurred except for the

sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be

accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar

days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

11.     Any Class Member who does not timely submit a valid Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will otherwise be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties with respect to the Released Plaintiffs' Claims, as described more fully in the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

12.     Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

13.     All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons timely requested to be excluded, or "opted out," from the Class, in accordance with the requirements set by the Court in connection with the Class Notice.  All Persons who submitted valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.  Unless otherwise ordered by the Court, any Class Member who did not submit a valid and timely written Request for Exclusion shall be bound by the Stipulation.

14.     Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why fees and expenses should not be awarded to Lead Counsel or Plaintiffs (if requested); provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment or the Alternate Judgment, if applicable, to be entered thereon approving the same, or the order approving the Plan of Allocation, or any fees and expenses to be awarded to Lead Counsel or Plaintiffs, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, David A. Knotts, 655 West

Broadway, Suite 1900, San Diego, CA 92101, and Weil, Gotshal & Manges LLP, Caroline Hickey Zalka, 767 Fifth Avenue, New York, NY 10153, no later than twenty-one (21) calendar days prior to the Settlement Hearing, or January 17, 2024, and said objections, papers, and briefs are filed with the Clerk of the Court, United States District Court, Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, no later than January 24, 2024. Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to the Plaintiffs is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Rite Aid common stock that the objecting Person: (a) owned as of the opening of trading on October 20, 2016; and (b) purchased, acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition, or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. The objection must identify: (a) all other class action settlements the objector or his, her, or its counsel has previously objected to; (b) copies of any papers, briefs, or other documents upon which the objection is based; and (c) the objector's signature, even if represented by

counsel. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, or awards to the Plaintiffs, unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

15.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.     As provided in the Stipulation, no later than ten (10) calendar days after the Stipulation of Settlement is filed with the Court, Defendants shall serve notice of the proposed Settlement to the appropriate federal and state officials under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq*. ("CAFA"), and shall pay any and all costs associated with providing such notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

17.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to the Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or January 3, 2024. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or January 31, 2024.

18.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

21.     As provided for in the Stipulation, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties.

22.     If the Stipulation and the Settlement set forth therein is terminated as provided in the Supplemental Agreement, or is otherwise not approved or is terminated, canceled, or fails to become effective for any reason, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to August 18, 2023, as provided in the Stipulation.

23.     Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs, nor any Class Member, directly or indirectly,

- 13 -

representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

24.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

DATED:   October 23, 2024       s/Judge Jennifer P. Wilson
                                THE HONORABLE JENNIFER P. WILSON
                                UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS S. CHABOT, et al., Individually and on Behalf of All Others Similarly Situated, | ) )<br>) ) | Civ. Action No. 1:18-cv-02118-JPW |
| Plaintiffs, | )<br>)<br>) | CLASS ACTION |
| | ) | NOTICE OF PROPOSED |
| vs. | ) ) | SETTLEMENT OF CLASS ACTION |
| WALGREENS BOOTS ALLIANCE, INC., et al., | )<br>)<br>) | EXHIBIT A-1 |
| Defendants. | )<br>) | |

**_A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._**

**NOTICE OF SETTLEMENT:**  Please be advised that Lead Plaintiffs Douglas S. Chabot and Corey M. Dayton (collectively, "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $192.5 million in cash that will resolve all claims in the Action (the "Settlement").

This Notice is directed to you in the belief that you may be a member of the Class.  If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in December 2020 (the "Class Notice"), this Notice does not apply to you.  A list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice is available at www.RiteAidSecuritiesSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1]  Your legal rights will be affected whether or not you act**.

1.      **<u>Description of the Action and the Class</u>**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendants Walgreens Boots Alliance, Inc. ("WBA"), Stefano Pessina, and George R. Fairweather (collectively, "Defendants").  Defendants are collectively, with Plaintiffs, the "Parties" or the "Settling Parties."  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons or entities who purchased or otherwise acquired Rite Aid Corporation ("Rite Aid") common stock between October 20, 2016 and June 28, 2017, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class are: (i) defendant WBA, and any of its subsidiaries, parents, and affiliates; (ii) defendants Stefano Pessina and George R. Fairweather and any of their immediate families, any entities in which they have a controlling interest, and their legal representatives, heirs, successors, or assigns; and (iii) the officers and directors of Rite Aid during the Class Period, and any members of their immediate families, any entities in which they have a controlling interest, and

---

[1]      All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated October 18, 2023 (the "Stipulation"), which is available on the Settlement website www.RiteAidSecuritiesSettlement.com.

their legal representatives, heirs, successors, or assigns.  Also excluded from the Class are all persons and entities who timely and validly requested exclusion from the Class in accordance with the requirements set by the Court in connection with the Class Notice.

2.    __Statement of Class's Recovery__:  Subject to Court approval, and as described more fully in ¶¶54-60 below, Plaintiffs, on behalf of the Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶55 below) against Defendants and other Released Defendant Parties (as defined in ¶57 below) in exchange for a settlement payment of $192.5 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Costs, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.    __Statement of Average Distribution Per Share__:  The Settlement Fund consists of the Settlement Amount, $192.5 million in cash, plus interest earned. Assuming all potential Class Members elect to participate, the estimated average recovery is $0.22 per damaged share before fees and expenses.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation below; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much.  In addition, the actual recovery of Class Members may be further reduced by the payment of fees and expenses from the Settlement Fund, as approved by the Court.

4.    __Statement of the Parties' Position on Damages__:  Defendants expressly deny any liability with respect to the matters alleged in the Complaint.  Defendants have denied and continue to deny, *inter alia*, that Plaintiffs and Class Members have suffered any damages alleged in the Complaint; that the price of Rite Aid common stock was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in any way; that Defendants made any alleged material misrepresentation or omission; or that the alleged harm suffered by Plaintiffs and other Class Members, if any, was causally

linked to any alleged misrepresentations or omissions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  The Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims.  The issues on which the Parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.     **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $1.9 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.07.  In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Class.

6.     **Identification of Attorneys' Representatives**:  Plaintiffs and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel") and Saxton & Stump LLC (together "Plaintiffs' Counsel").  Any questions regarding the Settlement should be directed to Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-8498, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment.  Remain a Class Member. Give up your rights. |

- 3 -

| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2024 | This is the **only** way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than _____ __, 2024. |
|---|---|
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024 | Write to the Court about your view on the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you do not believe the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Class.<br><br>If you have not excluded yourself from the Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Net Settlement Fund. |
| GO TO THE HEARING ON [_____], 2024, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About?  What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |

| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

## WHY DID I GET THIS NOTICE?

7.     The purpose of this Notice is to inform you about: (a) the terms of the proposed Settlement, and (b) your rights in connection with a hearing to be held before the United States District Court for the Middle District of Pennsylvania (the "Court"), on _____, 2024, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps necessary to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In the Action, the Court has appointed Plaintiffs as the representatives of the Class and Lead Counsel as Class counsel.

9.     The Court in charge of this case is the United States District Court for the Middle District of Pennsylvania, and the case is known as *Chabot v. Walgreens Boots All., Inc.*, No. 1:18-cv-02118-JPW.  The judge presiding over this case is the Honorable Jennifer P. Wilson, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the Defendants are WBA, Stefano Pessina, and George R. Fairweather.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what

- 5 -

benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.    The Settlement Hearing will be held on _____, 2024, at _____ _.m., before the Honorable Jennifer P. Wilson, at the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, in advance of the Settlement Hearing, for the following purposes:

      (a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

      (b)    to determine whether the Judgment as provided for under the Stipulation of Settlement dated October 18, 2023 (the "Stipulation") should be entered;

      (c)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

      (d)    to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved and any application for an award to the Plaintiffs;

      (e)    to consider Class Members' objections to the Settlement, Plan of Allocation, and/or application for attorneys' fees and expenses, if any; and

      (f)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the

4885-3190-2078.v2

completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.     This Action arises under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and alleges that during the period between October 20, 2016 and June 28, 2017 inclusive, Defendants WBA, Stefano Pessina, and George R. Fairweather, made materially false and misleading statements concerning the level of regulatory risk faced by the original merger, in which WBA would acquire Rite Aid for $9.00 per share in cash and the revised merger, in which WBA would acquire Rite Aid for between $6.50 and $7.00 per share in cash.  More specifically, Plaintiffs allege that during the Class Period, Defendants made false and misleading statements (i) downplaying or disputing contrary reports from journalists signaling regulatory turbulence, and (ii) representing that inside knowledge of the Federal Trade Commission ("FTC") gave confidence that the deal would close, and that these statements allegedly inflated or maintained inflation in Rite Aid's stock price.  Plaintiffs further allege that the Class suffered damages when the alleged truth regarding these matters was publicly disclosed.

14.     On November 2, 2018, plaintiffs Douglas S. Chabot, Corey M. Dayton, and Joel M. Kling filed a Class Action Complaint for Violations of the Securities Exchange Act of 1934 against Defendants.  On November 16, 2018, the Court granted Plaintiffs' Motion for Appointment as Substitute Lead Plaintiffs, and appointed Plaintiffs Douglas S. Chabot, Corey M. Dayton, and Joel M. Kling as Lead Plaintiffs.

15.     Defendants filed a Motion to Dismiss the Complaint on December 26, 2018 and, after full briefing, on April 15, 2019, the Court issued a Memorandum and Order denying Defendants' Motion to Dismiss.  Defendants filed an answer to the Complaint on April 29, 2019, in which they denied any wrongdoing or liability, including denying that Defendants had made any false or misleading statements.

16.     While discovery was ongoing, on July 26, 2019, plaintiffs filed their Motion for Class Certification.  After full briefing and discovery of Plaintiffs, the Court granted Plaintiffs' Motion for Class Certification on January 21, 2020, certifying the Class as set forth herein. On December 8, 2020, the Court entered an Order granting Plaintiffs' unopposed motion to approve the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's

certification of the Action to proceed as a class action on behalf of the Class; (iii) their right to request to be excluded from the Class; (iv) the effect of remaining in the Class or requesting exclusion; and (v) the requirements for requesting exclusion. The deadline for requesting exclusion from the Class pursuant to the Class Notice was March 23, 2021.

17.    From May 23, 2019 to November 20, 2020, Plaintiffs served subpoenas on the following entities on the following dates, nearly all of which produced documents and a witness for deposition:

- UBS Securities LLC: 5/23/19
- Citigroup Global Markets, Inc.: 5/23/19
- BofA Securities Inc. (Merrill Lynch): 5/23/19
- Rite Aid Corp.: 5/30/19
- Morrow Sodali LLC: 6/5/19
- Finsbury LLC: 6/6/19
- AT Kearney, Inc.: 11/19/19
- Weil Gotshal & Manges LLP: 11/21/19 and 11/20/20

18.    Following fact and expert discovery, which included thirty-one depositions of fact and expert witnesses, on January 24, 2022, Plaintiffs filed a Motion for Partial Summary Judgment and Defendants filed a Motion for Summary Judgment.  After full briefing, on March 31, 2023, the Court denied both motions for summary judgment.

19.    At a pre-trial scheduling conference conducted on April 27, 2023, the Court set this matter for trial on Monday, January 29, 2024.

20.    On June 26, 2023, the Court granted Plaintiffs' Unopposed Motion for Voluntary Dismissal of Plaintiff Joel M. Kling Only, With Prejudice.

21.    On July 14, 2023, the Court entered an Order to Show Cause, ordering "that any party who opposes consolidation shall show cause why the Court should not order the cases consolidated for trial no later than Friday, July 28, 2023."  The Parties thereafter submitted briefs articulating their respective positions on a consolidated trial.

22.    On July 27, 2023, the Parties participated in a full-day mediation in front of the Hon. Layn R. Phillips (Ret.) ("Judge Phillips").  The Parties did not reach a resolution that day, but discussions with the assistance of Judge Phillips' office continued.   Following over three additional weeks of arm's-length

negotiations, on August 20, 2023, the Parties accepted a "Mediator's Recommendation" from Judge Phillips.  On August 23, 2023, the Parties signed a Settlement Term Sheet regarding the Settlement.

23.    On October 18, 2023, the Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www.RiteAidSecuritiesSettlement.com.

24.    On _____, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

---

25.    If you are a member of the Class, you are subject to the Settlement unless you timely requested to be excluded.  The Class consists of all persons or entities who purchased or otherwise acquired Rite Aid common stock between October 20, 2016 and June 28, 2017, inclusive, and were damaged thereby. Excluded from the Class are: (i) defendant WBA, and any of its subsidiaries, parents, and affiliates; (ii) defendants Stefano Pessina and George R. Fairweather and any of their immediate families, any entities in which they have a controlling interest, and their legal representatives, heirs, successors, or assigns; and (iii) the officers and directors of Rite Aid during the Class Period, and any members of their immediate families, any entities in which they have a controlling interest, and their legal representatives, heirs, successors, or assigns.  Also excluded from the Class are all persons and entities who previously submitted a Request for Exclusion from the Class in accordance with the requirements set by the Court in connection with the Class Notice.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-866-653-4874.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2024.

4885-3190-2078.v2

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

26.     Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  Plaintiffs and Plaintiffs' Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages.  Plaintiffs and Plaintiffs' Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.  Plaintiffs and Plaintiffs' Counsel have also considered the financial condition of Defendant WBA.

27.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit now, namely $192.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future.

28.     Each of the Defendants expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants believe that they are not liable for the claims asserted against them in the Action and that they have good and meritorious defenses to those claims as a matter of facts and law.  The Settlement may not be construed as an admission of any wrongdoing by Defendants.  Nonetheless, Defendants have agreed to the Settlement solely to eliminate the distraction, burden, and expense of continued litigation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

4885-3190-2078.v2

| HOW MUCH WILL MY PAYMENT BE? |
|---|

30.     Pursuant to the Settlement, Defendants have agreed to cause to be paid One Hundred Ninety-Two Million, Five Hundred Thousand U.S. Dollars ($192,500,000.00) in cash into escrow for the benefit of the Class.  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Proof of Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.  The Plan of Allocation proposed by Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, www.RiteAidSecuritiesSettlement.com.

31.     All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Settlement, but shall in all other respects be bound by all of the terms of the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the releases given.  This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶55 below) against the Released Defendant Parties (as defined in ¶57 below) and will be permanently barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

32.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

33.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class. Approval of the Settlement is independent of approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

34.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Middle District of Pennsylvania with respect

- 11 -

to his, her, or its Claim Form.

35.     Persons and entities who excluded themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and shall not submit Proof of Claim Forms.

## PLAN OF ALLOCATION

### UNDERSTANDING YOUR PAYMENT – NET SETTLEMENT FUND

36.     If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – members of the Class who timely submit valid Claim Forms to the Claims Administrator that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website: www.RiteAidSecuritiesSettlement.com.

37.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund. The Recognized Loss formulas below are intended solely for purposes of this Plan of Allocation and cannot and should not be binding on Plaintiffs or any Class Member for any other purpose.

38.     In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the alleged misrepresentations must be the cause of Rite Aid's common stock price decline and Class Members' Recognized Loss. In this case, Plaintiffs allege that from October 20, 2016, through January 29, 2017,

- 12 -

Walgreens made various misrepresentations that concealed that it was unlikely to secure FTC approval for the proposed merger with Rite Aid, as then constituted, by January 27, 2017.  According to Plaintiffs' damages expert, based on his event study analysis of the fraud related events, these misrepresentations and omissions caused Rite Aid's Company-specific price declines on January 20, 2017, and on January 30, 2017.  Furthermore, Plaintiffs allege that from January 5, 2017, through June 28, 2017, Walgreens made additional misrepresentations that concealed that it was unlikely to secure FTC clearance for any merger with Rite Aid.  According to Plaintiffs' damages expert, based on his event study analysis of the fraud related events, these misrepresentations and omissions caused Rite Aid's Company-specific price declines on April 19, 2017; on June 9, 2017, and on June 29, 2017.  Based on the analysis by Plaintiffs' damages expert, the estimated inflation in Rite Aid common stock related to the alleged fraud is set forth in Table A below.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

39.    Based on the above, the Recognized Loss amounts will be calculated as follows:

For shares of Rite Aid common stock purchased or otherwise acquired from October 20, 2016, through June 28, 2017, inclusive, and:

I.    Sold from October 20, 2016, through June 28, 2017, inclusive, the Recognized Loss per share shall be the lesser of:

    a.  the inflation per share in Table A at the time of purchase less the inflation per share in Table A at the time of sale; or

    b.  the difference between the purchase price per share and the sales price per share.

II.    Sold from June 29, 2017, through September 26, 2017, inclusive, the Recognized Loss per share shall be the least of:

    a.  the inflation per share in Table A at the time of purchase;

    b.  the difference between the purchase price per share and the sales price per share; or

    c.  the difference between the purchase price per share and the average closing price per share up to the date of sale as set

- 13 -

forth in Table B below.

III.   If retained at the close of trading on September 26, 2017, the Recognized Loss per share shall be the lesser of:

a.  the inflation per share in Table A at the time of purchase; or

b.  the difference between the purchase price per share and $2.40 per share (the 90-day average Rite Aid closing price following the final corrective disclosure).[2]

## ADDITIONAL PROVISIONS

40.    If a claimant has more than one purchase or sale of Rite Aid common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis for each respective security.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

41.    A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

42.    Any transactions in Rite Aid common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

43.    The Net Settlement Fund will be distributed to Authorized Claimants

---

[2]    Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are capped to an appropriate extent by taking into account the closing prices of Rite Aid common stock during the 90-day look-back period.  The mean (average) closing price for Rite Aid common stock during this 90-day look-back period was $2.40.

on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

44.    Purchases, acquisitions, and sales of Rite Aid common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Rite Aid common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Rite Aid common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Rite Aid common stock unless: (i) the donor or decedent purchased or otherwise acquired the securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

45.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Rite Aid common stock.  The date of a "short sale" is deemed to be the date of sale of Rite Aid common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Rite Aid common stock, his, her, or its earliest Class Period purchases or acquisitions of Rite Aid common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

46.    Option Contracts are not securities eligible to participate in the Settlement.  With respect to shares of Rite Aid common stock purchased or sold through the exercise of an option, the purchase/sale date of the Rite Aid common stock is the exercise date of the option and the purchase/sale price of the Rite Aid common stock is the exercise price of the option.

47.    If a claimant had a market gain with respect to his, her, or its overall transactions in Rite Aid common stock during the Class Period, the value of the claimant's Recognized Claim will be zero.  If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Rite Aid common stock

- 15 -

during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Rite Aid common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[3] and (ii) the sum of the Total Sales Proceeds,[4] and Holding Value (for Rite Aid common stock only).[5] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Rite Aid common stock during the Class Period.

48.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund after a reasonable amount of time following the date of the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in

---

[3]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Rite Aid common stock purchased or acquired during the Class Period.

[4]    The Claims Administrator will match any sales of Rite Aid common stock during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Rite Aid common stock sold during the Class Period will be the "Total Sales Proceeds."

[5]    The Claims Administrator will ascribe a value of $2.89 per share for Rite Aid common stock purchased or acquired during the Class Period and still held as of the close of trading on June 28, 2017 (the "Holding Value").

administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be donated to the Pennsylvania Legal Aid Network.

49.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court for this Settlement, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Class Members, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.  Plaintiffs, Plaintiffs' Counsel, Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

50.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

51.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

4885-3190-2078.v2

## TABLE A:

| Purchase Period | Inflation |
|---|---|
| October 20, 2016 through January 4, 2017 | $2.35 |
| January 5, 2017 through January 19, 2017 | $3.36 |
| January 20, 2017 | (1) |
| January 21, 2017 through January 29, 2017 | $2.21 |
| January 30, 2017 through April 18, 2017 | $1.01 |
| April 19, 2017 | (2) |
| April 20, 2017 through June 8, 2017 | $0.62 |
| June 9, 2017 | (3) |
| June 10, 2017 through June 25, 2017 | $0.09 |
| June 26, 2017 | (4) |
| June 27, 2017 through June 28, 2017 | $1.03 |

(1) For shares purchased or sold on January 20, 2017, the inflation is equal to $2.21 per share, plus the greater of: (a) the purchase or sales price less the $7.46 per share closing price on January 20, 2017, or (b) $0.00 per share.

(2) For shares purchased or sold on April 19, 2017, the inflation is equal to $0.62 per share, plus the greater of: (a) the purchase or sales price less the $4.08 per share closing price on April 19, 2017, or (b) $0.00 per share.

(3) For shares purchased or sold on June 9, 2017, the inflation is equal to $0.09 per share, plus the greater of: (a) the purchase or sales price less the $3.00 per share closing price on June 9, 2017, or (b) $0.00 per share.

(4) For shares purchased or sold on June 26, 2017, the inflation is equal to $1.03 per share, minus the greater of: (a) the $4.05 closing price on June 26, 2017, less the purchase or sales price, or (b) $0.00 per share.

- 18 -

## TABLE B:

| Date | Closing Price | Average Closing Price from June 29, 2017 through Sale Date | Date | Closing Price | Average Closing Price from June 29, 2017 through Sale Date |
|---|---|---|---|---|---|
| 6/29/2017 | $2.89 | $2.89 | 8/14/2017 | $2.33 | $2.42 |
| 6/30/2017 | $2.95 | $2.92 | 8/15/2017 | $2.31 | $2.4 |
| 7/3/2017 | $2.69 | $2.84 | 8/16/2017 | $2.28 | $2.4 |
| 7/5/2017 | $2.48 | $2.75 | 8/17/2017 | $2.23 | $2.4 |
| 7/6/2017 | $2.36 | $2.67 | 8/18/2017 | $2.22 | $2.40 |
| 7/7/2017 | $2.37 | $2.62 | 8/21/2017 | $2.25 | $2.40 |
| 7/10/2017 | $2.34 | $2.58 | 8/22/2017 | $2.24 | $2.39 |
| 7/11/2017 | $2.25 | $2.54 | 8/23/2017 | $2.25 | $2.39 |
| 7/12/2017 | $2.25 | $2.51 | 8/24/2017 | $2.26 | $2.39 |
| 7/13/2017 | $2.23 | $2.48 | 8/25/2017 | $2.27 | $2.38 |
| 7/14/2017 | $2.33 | $2.47 | 8/28/2017 | $2.26 | $2.38 |
| 7/17/2017 | $2.31 | $2.45 | 8/29/2017 | $2.34 | $2.38 |
| 7/18/2017 | $2.58 | $2.46 | 8/30/2017 | $2.36 | $2.38 |
| 7/19/2017 | $2.63 | $2.48 | 8/31/2017 | $2.42 | $2.38 |
| 7/20/2017 | $2.54 | $2.48 | 9/1/2017 | $2.42 | $2.38 |
| 7/21/2017 | $2.48 | $2.48 | 9/5/2017 | $2.42 | $2.38 |
| 7/24/2017 | $2.49 | $2.48 | 9/6/2017 | $2.42 | $2.38 |
| 7/25/2017 | $2.44 | $2.48 | 9/7/2017 | $2.52 | $2.38 |
| 7/26/2017 | $2.39 | $2.47 | 9/8/2017 | $2.50 | $2.39 |
| 7/27/2017 | $2.32 | $2.47 | 9/11/2017 | $2.49 | $2.39 |
| 7/28/2017 | $2.28 | $2.46 | 9/12/2017 | $2.39 | $2.39 |
| 7/31/2017 | $2.24 | $2.45 | 9/13/2017 | $2.51 | $2.39 |
| 8/1/2017 | $2.37 | $2.44 | 9/14/2017 | $2.50 | $2.39 |
| 8/2/2017 | $2.40 | $2.44 | 9/15/2017 | $2.63 | $2.40 |
| 8/3/2017 | $2.39 | $2.44 | 9/18/2017 | $2.73 | $2.40 |
| 8/4/2017 | $2.33 | $2.44 | 9/19/2017 | $2.40 | $2.40 |
| 8/7/2017 | $2.44 | $2.44 | 9/20/2017 | $2.44 | $2.40 |
| 8/8/2017 | $2.35 | $2.43 | 9/21/2017 | $2.42 | $2.40 |
| 8/9/2017 | $2.35 | $2.43 | 9/22/2017 | $2.39 | $2.40 |
| 8/10/2017 | $2.25 | $2.42 | 9/25/2017 | $2.38 | $2.40 |
| 8/11/2017 | $2.31 | $2.42 | 9/26/2017 | $2.29 | $2.40 |

4885-3190-2078.v2

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

52.     If the Settlement is approved, the Court will enter a judgment (the "Judgment").   The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Released Plaintiff Parties (as defined in ¶58 below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in ¶55 below), including Unknown Claims (as defined in ¶59 below), against each and every one of the Released Defendant Parties (as defined in ¶57 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.   Claims to enforce the terms of the Settlement are not released.

53.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that (a) Plaintiffs or any other member of the Class asserted in the Complaint or could have asserted in the Action, or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere), including any such claims that (i) arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations, or any other statements made by Defendants during the Class Period, or (ii) that arise out of or are based upon the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, or omissions set forth in the Complaint; and (b) relate to the purchase or acquisition of Rite Aid common stock during the Class Period.   Released Plaintiffs' Claims do not include, settle, or release any of the Excluded Plaintiffs' Claims.

54.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that are based upon, arise out of, relate to, or concern the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.   Released

- 20 -

Defendants' Claims do not include, settle, or release any of the Excluded Defendants' Claims.

55. "Released Defendant Parties" means each and all of the Defendants, and each of their Related Persons.

56. "Released Plaintiff Parties" means the Plaintiffs, each and every Class Member, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

57. "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor and the time of the release of such claims, regardless of whether such claim(s), if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and the Defendants shall expressly waive, and each of the other Class Members shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR**

**SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

58.     The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Released Plaintiff Parties all Released Defendants' Claims which includes all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

59.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor have Plaintiffs' Counsel been paid for their expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $1.9 million, plus interest.  The Court will determine the amount of the award of fees and expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  Lead Counsel may also apply for awards to Plaintiffs in connection with their representation of the Class.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

60.     If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you did not previously elect to exclude yourself from the Class, then you are a Class Member, and you will be

- 22 -

bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to download the Claim Form. The website is www.RiteAidSecuritiesSettlement.com. You may also request a Claim Form by calling toll-free 1-866-653-4874. Those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

61.    As a Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

62.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you did not previously exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you excluded yourself from the Class, you are not entitled to submit an objection.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

---

63.    **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to the Settlement without attending the Settlement Hearing**.

64.    The Settlement Hearing will be held on _____, 2024, at _____

- 23 -

_.m., before the Honorable Jennifer P. Wilson, at the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102.

65.     Any Class Member may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[6]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

66.     Any objection to the proposed Settlement must be in writing.  All written objections and supporting papers must: (a) clearly identify the case name and number (*Chabot v. Walgreens Boots All., Inc*., No. 1:18-cv-02118-JPW); (b) be submitted in writing to Robbins Geller Rudman & Dowd LLP, David A. Knotts, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Weil, Gotshal & Manges LLP, Caroline Hickey Zalka, 767 Fifth Avenue, New York, NY 10153, and received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2024; and (c) be filed with the Clerk of the Court, United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, no later than _____, 2024.

67.     The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Rite Aid common stock that the objecting Person (1) owned as of the opening of trading on October 20, 2016 and (2) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector or his, her or its counsel have previously objected.  Documentation establishing membership in

---

[6]     Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2024.

the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

68.    You may not object to the Settlement or any aspect of it if you previously excluded yourself from the Class.

69.    You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is received on or before ____, 2024.

71.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.RiteAidSecuritiesSettlement.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.    Nominees who purchased or acquired Rite Aid common stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send

- 25 -

a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-866-653-4874, and may be downloaded from the Settlement website, www.RiteAidSecuritiesSettlement.com.

---

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

73.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.RiteAidSecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim Form. This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.RiteAidSecuritiesSettlement.com, or by contacting Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, during regular office hours, Monday

4885-3190-2078.v2

through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Rite Aid Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
Telephone: 1-866-653-4874
*Claims Administrator*

**-or-**

David A. Knotts, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
(800) 449-4900
settlementinfo@rgrdlaw.com
*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 202__               By Order of the Court
                                            United States District Court
                                            Middle District of Pennsylvania

- 27 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS S. CHABOT, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 1:18-cv-02118-JPW |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | PROOF OF CLAIM AND RELEASE |
| vs. | ) ) | EXHIBIT A-2 |
| WALGREENS BOOTS ALLIANCE, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

4856-4379-6350.v1

***Rite Aid Securities Settlement***

**c/o Gilardi & Co. LLC**

**P.O. Box 301135**

**Los Angeles, CA 90030-1135**

**Toll-Free Number: 1-866-653-4874**

**Email:  info@riteaidsecuritiessettlement.com**

**Website:  www.RiteAidSecuritiesSettlement.com**

### PROOF OF CLAIM AND RELEASE

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked* no later than _____, 2024 or submit it online at the above website so that it is *received* on or before _____, 2024**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

4856-4379-6350.v1

## PART I – INTRODUCTION

### A.    General Instructions

1.    To recover as a member of the Class based on your claims in the action entitled *Chabot v. Walgreens Boots All., Inc.*, No. 1:18-cv-02118-JPW (the "Action"), you must complete, and on page [___] hereof, sign this Proof of Claim and Release form ("Claim Form").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS ***POSTMARKED*** (IF MAILED) OR ***RECEIVED*** (IF SUBMITTED ONLINE) ON OR BEFORE _____, 2024, ADDRESSED AS FOLLOWS:

> *Rite Aid Securities Settlement*
> c/o Gilardi & Co. LLC
> P.O. Box 301135
> Los Angeles, CA 90030-1135
> www.RiteAidSecuritiesSettlement.com

If you are NOT a member of the Class, as defined below and in the Notice of Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.     If you are a member of the Class and you previously did not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.     It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.     Claimant Identification**

1.     If you purchased or acquired shares of Rite Aid Corporation ("Rite Aid") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or

brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of the shares of Rite Aid common stock. The complete name(s) of the beneficial owner(s) must be entered. THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF RITE AID COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim Form should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by

- 3 -

that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Rite Aid common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.      By submitting a signed Claim Form, you will be swearing that you:

(a)     own or owned the Rite Aid common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

**C.      Claim Form**

1.      Use Part III of this form entitled "Schedule of Transactions in Rite Aid Common Stock" to supply all required details of your transaction(s) in Rite Aid common stock.  If you need more space or additional schedules, attach separate sheets

- 4 -

giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Rite Aid common stock that took place at any time on or between and including October 20, 2016 and September 26, 2017, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares of Rite Aid common stock held at the close of trading on October 19, 2016, June 28, 2017, and September 26, 2017.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Rite Aid common stock set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Rite Aid common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN

4856-4379-6350.v1

COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.   DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.   In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

4856-4379-6350.v1

7.    **PLEASE NOTE:**   As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

8.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at info@riteaidsecuritiessettlement.com, or by toll-free phone at 1-866-653-4874, or you can visit the website, www.RiteAidSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

9.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.RiteAidSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@riteaidsecuritiessettlement.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered

- 7 -

where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@riteaidsecuritiessettlement.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-653-4874.**

4856-4379-6350.v1

## **PART II – CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Street Address

City                                              State or Province

Zip Code or Postal Code                           Country

Social Security Number or           Individual
Taxpayer Identification Number      Corporation/Other

Area Code        Telephone Number (work)

Area Code        Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

4856-4379-6350.v1

## PART III – SCHEDULE OF TRANSACTIONS IN RITE AID COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the General Instructions.  Do not include information regarding securities other than Rite Aid common stock.

A.   Number of shares of Rite Aid common stock held at the close of trading on October 19, 2016.  (Must be documented.)  If none, write "zero": _____

B.   Purchases or acquisitions of shares of Rite Aid common stock (October 20, 2016 - September 26, 2017, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

C.   Sales of shares of Rite Aid common stock (October 20, 2016 - September 26, 2017, inclusive) (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

D.   Number of shares of Rite Aid common stock held at the close of trading on June 28, 2017.  (Must be documented.)  If none, write "zero": _____

- 10 -

E.    Number of shares of Rite Aid common stock held at the close of trading on September 26, 2017.  (Must be documented.)  If none, write "zero":  _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN**
**PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated October 18, 2023 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Pennsylvania, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of shares of Rite Aid common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## PART V – RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish, and discharge all of the

Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2.     This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases or acquisitions of shares of Rite Aid common stock and know of no other person having done so on my (our) behalf.

4.     I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of shares of Rite Aid common stock during the Class Period, as well as the number of shares held at the close of trading on October 19, 2016, June 28, 2017, and September 26, 2017.

5.     The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.     I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.     I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

4856-4379-6350.v1

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2024,
                                        (Month/Year)

in _____, _____
                    (City)                                      (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer,
Executor or Administrator)

For Joint Beneficial Purchaser, if any:


_____
(Sign your name here)


_____
(Type or print your name here)

- 13 -

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation, if available.

3.      Do not send original stock certificates.  Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-866-653-4874.**

6.      If you move, please send us your new address.

7.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at *Rite Aid Securities Settlement*, c/o Gilardi & Co, LLC, P.O. Box  301135,  Los  Angeles,  CA  90030-1135,  by  email  at info@riteaidsecuritiessettlement.com, or by toll-free phone at 1-866-653-4874, or you may  visit  www.RiteAidSecuritiesSettlement.com.   DO  NOT  call  Rite  Aid, Defendants, or their counsel with questions regarding your claim.

- 14 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS S. CHABOT, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 1:18-cv-02118-JPW |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | SUMMARY NOTICE |
| vs. | ) ) | EXHIBIT A-3 |
| WALGREENS BOOTS ALLIANCE, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

4860-2233-2542.v2

## <u>SUMMARY NOTICE</u>

*IF YOU PURCHASED OR ACQUIRED RITE AID CORPORATION ("RITE AID") COMMON STOCK FROM OCTOBER 20, 2016 THROUGH JUNE 28, 2017, INCLUSIVE (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Middle District of Pennsylvania, that in the above-captioned litigation (the "Action"), which is a certified class action, a Settlement has been proposed for $192,500,000.00 in cash. A hearing will be held on _____, 2024, at __:__ _.m., before the Honorable Jennifer P. Wilson, at the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo U.S. Courthouse, 1501 North 6th Street, Harrisburg, PA 17102, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (3) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved.

- 1 -

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND**.  If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release ("Proof of Claim"), you may obtain copies of these documents by contacting the Claims Administrator: *Rite Aid Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 301135, Los Angeles, CA 90030-1135; info@riteaidsecuritiessettlement.com; 1-866-653-4874.  You may also obtain copies of the Stipulation of Settlement, Notice, and Proof of Claim at www.RiteAidSecuritiesSettlement.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2024, or submit it online by that date.  If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

If you are a Class Member, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim.  If you previously excluded yourself from the Class, you will have no right to recover money pursuant to the Settlement.

4860-2233-2542.v2

Any objection to the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and Plaintiffs' request for time and expenses (if any) must be *received* by *each* of the following recipients *no later than* _____, 2024:

> Clerk of the Court
> United States District Court, Middle District of Pennsylvania
> Sylvia H. Rambo U.S. Courthouse
> 1501 North 6th Street
> Harrisburg, PA 17102
>
> *Lead Counsel:*
>
> Robbins Geller Rudman & Dowd LLP
> David A. Knotts
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for Defendants:*
>
> Weil, Gotshal & Manges LLP
> Caroline Hickey Zalka
> 767 Fifth Avenue
> New York, NY 10153

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**.  If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above or e-mail settlementinfo@rgrdlaw.com.


DATED: _____          BY ORDER OF THE COURT
                                                       UNITED STATES DISTRICT COURT
                                                       MIDDLE DISTRICT OF PENNSYLVANIA

4860-2233-2542.v2